417 P.2d 551

**STATE of Arizona, Appellee,**

v.

**Richard Keith CHANCE, Appellant.**

**1 CA–CR 81.**

Court of Appeals of Arizona.

Aug. 12, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

Richard Keith Chance, hereinafter referred to as defendant, was convicted and adjudged guilty of aggravated assault, a felony, in violation of A.R.S. § 13–245, subsec. A, par. 5, with a prior conviction. (A.R.S. § 13–1649) Notice of appeal was timely filed and pursuant to defense counsel's request, this Court has undertaken an examination of the record for fundamental error. A.R.S. § 13–1715.

From the facts material to this appeal, it appears that an information for aggravated assault was filed against defendant on 17 August, 1965, with an addendum to the information alleging a prior felony conviction. Arraignment was held on 7 September, 1965, at which time defendant entered a plea of not guilty to the charged offense. The minutes are silent as to whether the defendant admitted or denied the truth of the allegation of prior conviction. See State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966). Trial was held commencing 26 November, 1965, before a jury which returned a verdict of guilty to the offense charged. The minutes reflect that after the verdict the defendant admitted the prior conviction.

On 13 December, 1965, defendant's motion for new trial was denied, he was adjudged guilty of aggravated assault with a prior felony conviction and was sentenced to a term of not less than five nor more than eight years in the Arizona State Prison. Defendant was furnished the assistance of counsel from the time of the preliminary hearing through this appeal.

We have read the transcript of record and believe that the evidence is more than sufficient from which a jury might find the defendant guilty of the crime as charged. The transcript reveals that on 24 July, 1965, the defendant struck one Manuel Higuerra upon the left side of the head with a drinking glass. The blow inflicted a severe cut

upon the victim's head. There was testimony that defendant wielded the glass without provocation and nothing would indicate the act was done in self-defense.

■ During the trial in chief an exculpatory statement which defendant purportedly made to two officers of the Phoenix Police Department while at the Maricopa County Hospital emergency ward was admitted in evidence. The defendant was warned of his right to remain silent, of his right to counsel, and that anything he said could be used against him prior to making the statement. Prior to admitting the statement in evidence, the trial judge held a hearing out of the jury's presence to determine the voluntariness of the statement as required by State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964). We have examined this statement in view of the recent United States Supreme Court decisions in State v. Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). While the requirement concerning exculpatory statements and confessions as set forth in State v. Miranda, supra, was not followed by the court, in view of the Johnson v. New Jersey, supra, decision limiting the application of State v. Miranda, supra, to those cases tried after 13 June, 1966, the trial judge did not err in admitting the statement in evidence.

■ The fact that defendant's prior felony convictions were referred to by the Deputy County Attorney on cross-examination did not constitute error. Defendant had taken the stand in his own behalf and the fact of his prior felony convictions was first introduced by defense counsel. On cross-examination, the Deputy County Attorney's inquiry was limited to a determination of the number of such prior convictions, the names and nature of the crimes and the jurisdictions where they were committed. See State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960), State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965). In Arizona,

it is well established that a defendant who chooses to take the witness stand in a criminal action thereby subjects himself to impeachment in the same manner as any other witness, including impeachment by proof of a prior felony conviction. State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965), State v. Robison, 99 Ariz. 241, 408 P.2d 29 (1965).

■ The minute entries at the time of sentencing reflect that defendant was adjudged guilty of aggravated assault with a prior conviction and sentenced to a term of not less than five nor more than eight years in the Arizona State Prison. The formal written judgment and sentence signed by a judge other than the trial judge who imposed the sentence, while reaffirming the sentence imposed by the trial judge of not less than five nor more than eight years, did not recite the fact of the prior conviction. It is our opinion that such omission in the written judgment constitutes a mere technical error within the meaning of Article 6, Section 22 of the Arizona Constitution, A.R.S. In criminal matters the judgment is complete and valid when it is orally pronounced by the court and entered in the minutes, and a written judgment is not required. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), cert. denied 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726. However, we feel the written judgment should conform to the actual judgment rendered, and for that reason this cause is remanded and the trial court is directed to correct the written form of judgment and to take such other and further action consistent with this opinion as is necessary.

DONOFRIO, J., and J. THOMAS BROOKS, Superior Court Judge, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge J. THOMAS BROOKS was called to sit in his stead and participate in the determination of this decision.