449 P.2d 59

**STATE of Arizona, Appellee,**

v.

**Carl Johannes ANDERSON, Appellant.**

**No. I CA–CR 170.**

Court of Appeals of Arizona.

Jan. 8, 1969.

Rehearing Denied Feb. 6, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Lewis, Roca, Beauchamp & Linton by Roger W. Kaufman and Paul G. Ulrich, Phoenix, for appellant.

, Brown, Vlassis & Bain, by Paul F. Eckstein, Phoenix, for American Civil Liberties Union, amici curiae.

STEVENS, Judge.

The basic issue to be determined is the jurisdiction of the Court of Appeals to entertain the appeal of a criminal case wherein the constitutionality of a statute is involved, which criminal case, was appealed from a City Court to the Superior Court and was resolved by an order "affirming judgment rendered in Municipal

Court of Scottsdale". This Court raised the issue of its jurisdiction on its own motion at the time of the oral argument of the merits of the appeal. Supplemental memoranda was submitted to the Court of Appeals on the question of this Court's jurisdiction. We hold that there is no jurisdiction to entertain the appeal.

Anderson was charged in the City Court of the City of Scottsdale, Arizona, a city located within the confines of Maricopa County, Arizona. He was charged with a violation of A.R.S. § 13–991. This section in the Arizona statutes relates to the offense of vagrancy. After the denial of motions and a trial in the City Court, Anderson was adjudged guilty. The "sentence" which was imposed is of questionable validity, a matter which we need not decide in this appeal. A timely appeal was taken to the Superior Court for Maricopa County. The cause was there tried on the reporter's transcript of the evidence which was presented in the City Court of the City of Scottsdale. No issue is presented as to the propriety of this procedure. In the Superior Court and in this Court Anderson presented a two-fold attack. The first attack urged the unconstitutionality of the statute and the second attack urged the unconstitutional application of the statute.

■■■ In relation to the second appeal, that is to say the appeal from the Superior Court to this Court, we must look to A.R.S. § 22–375 for the authority of this Court to entertain the appeal. We quote the section:

"§ 22–375. Limitation of appeal from superior court in action appealed from inferior court

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

This section denies the right of appeal from a City Court beyond the Superior Court except in those instances wherein the constitutionality of a statute is involved. The constitutionality of the vagrancy statute being under attack, the second appeal will lie to the Court of Appeals on that limited issue. It will not lie in relation to the unconstitutional application of the statute.

■■ The judgment of guilt in the Superior Court is found in the minute entry of the court. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962) and State v. Chance, 4 Ariz.App. 38, 417 P.2d 551 (1966). We quote the action of the Superior Court as follows:

"IT IS ORDERED affirming Judgment rendered in Municipal Court of Scottsdale and returning case to said Court.

"IT IS FURTHER ORDERED denying defendant's Motion to Dismiss Complaint."

Both parties concede that there is no appeal from the denial of a motion to dismiss even though that denial has been reduced to writing, signed by the judge and filed, a step which was taken in this case. Even though the denial of the motion itself was not appealable, the denial of such a motion could be reversible error upon which a case could be reversed.

We now turn to the reason we stated earlier in this opinion that as the record now stands this Court has no jurisdiction in this case. An appeal from the City Court or from the Justice Court to the Superior Court is a trial de novo in the Superior Court. This is made clear by A.R.S. § 22–374 which is as follows:

"§ 22–374. Superior court trial of appeal

"A. The appeal shall be tried de novo in the superior court, and the superior court shall, upon conviction, impose such sentence as it deems proper within the limits which might have been imposed by

the justice of the peace or presiding officer of the police court.

"B. Upon acquittal the court shall discharge defendant and exonerate his bail."

This section was recently considered by the Arizona Supreme Court in its 11 December, 1968 decision in the case of Porter v... Superior Court, Ariz., 448 P.2d 92. Earlier Arizona cases in relation to the nature of the appellate jurisdiction exercised by the Superior Court include Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935); Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925); Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (1942); State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948); Horne v. Superior Court, 89 Ariz. 289, 361 P.2d 547 (1961). The limit of the jurisdiction of the Superior Court is to adjudge the merits of the case as to whether the defendant was guilty or not guilty and the Superior Court may not "affirm" or "reverse" as does the Supreme Court or the Court of Appeals.

■■ The action of the trial court, in this instance the Superior Court, from which an appeal will lie must be from a "judgment of guilt". This is implicit in A.R.S. § 22–375. We hold that an order "affirming judgment rendered in the Municipal Court" is not a judgment of guilt.

■ As a necessary incident to this case, we must further consider that portion of the action of the Superior Court "returning case to said court" for if the Superior Court has by its action divested itself of jurisdiction to take further corrective action we would be faced with another problem. We recognize that as a matter of convenience the Superior Court has in numerous cases after an appeal from a Justice Court or a City Court purported to "remand" or to "return" the appealed cases to the court of first instance. This is convenient. Whether or not there should be legislative authority authorizing this action is a matter which must be determined by the Legislature. In our opinion there is no statutory authority to take this action. The jurisdiction of the Superior Court is limited by A.R.S. § 22–375. It can

dispose of an appeal from the City Court or a Justice Court only by a "final judgment" of guilt or innocence.

■ We hold that the purported return of the case to the City Court of the City of Scottsdale was not a valid exercise of the jurisdiction of the Superior Court, that the appeal from the City Court to the Superior Court is still lodged in the Superior Court, and that as of this date it has not been disposed of.

■ We hold that there being no judgment of guilt entered by the Superior Court that this appeal is premature.

The issuance of the mandate in connection with this opinion will constitute this Court's order that this appeal is dismissed without prejudice and that this cause is returned to the Superior Court for a judgment as to the guilt or as to the innocence of Anderson and for such other and further action as is appropriate not inconsistent with this opinion.

DONOFRIO, C. J., and CAMERON, J., concur.