·Argued October 29, affirmed December 18, 1969

STATE OF OREGON, *Respondent, v.*
·DARRELL JACK WOODWARD,
*Appellant.*
462 P.2d 685

*Dan W. Poling,* Newport, argued the cause and
filed the brief for appellant.

*Albert R. McMullen, Jr.,* District Attorney, New-port, argued the cause and filed the brief for respondent.

FORT, J.

The defendant was convicted of driving a motor vehicle under the influence of intoxicating liquor. ORS 483.992. He appeals and asserts as his sole assignment of error the admission of a certified copy of an official record of the Oregon State Board of Health. The sole basis of the objection was that the document constituted hearsay.

Appellant has filed an "Agreed Narrative Statement in Lieu of Transcript" as authorized by ORS 138.185 and ORS 19.088. With this has been filed a single exhibit, the challenged document. On the basis of this record we can consider only whether the document was admissible. It is conceded that it constituted hearsay.

The question then is whether it was admissible under an exception to the hearsay rule.

The challenged exhibit simply certified that a Breathalyzer Instrument, serial number 1690, located at the Lincoln County Jail, had been tested and found to be accurate by a named trained technician of the Oregon State Board of Health, designated therein as a chemist, on March 14, 1968. The defendant was charged with an offense committed on April 8, 1968.

■ The agreed statement admits that "the purpose of the offer was to prove that the machine had been tested and found to be accurate." This is required in all such cases. *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969) ; ORS 483.644.

ORS 43.330, so far as here relevant, provides:

"Other official documents may be proved as follows:

"(1) Acts of the executive or administrative departments of this state and of the United States by the records of the departments, certified by the department heads  *   *   *.

"*   *   *   *   *

"(5) Acts of a public corporation of this state or of a board or department, by a copy certified by the legal keeper  *   *   *."

■ This statute has equal application to both civil and criminal cases. *Finchum v. Lyons*, 247 Or 255, 428 P2d 890 (1967); *State v. Poole*, 161 Or 481, 90 P2d 472 (1939).

■ The exhibit here is duly certified by the Secretary of the Oregon State Board of Health. In *Finchum v. Lyons*, supra, the Oregon Supreme Court discusses at length ORS 43.330 and states:

"There is a well settled common law exception to the hearsay rule pertaining to what Wigmore calls 'Official Statements' and what are also referred to as public or official records and documents. The general rule is stated in 32 CJS, Evidence § 637, pp 809-810, as follows:

" 'Subject to the general rules of evidence, a record or document kept or prepared by a person whose public duty it is to record truly the facts stated therein is, when relevant, admissible as evidence of such facts, although the statements therein were made extrajudicially by a person not under oath and not subject to cross-examination.

" 'This exception to the hearsay rule is based on the reliability, trustworthiness, and authenticity which usually attend public records and reports made and kept in the performance of official functions. It is predicated on the as-

sumption that public officials perform their duties and are without motive to falsify, and that public inspection, to which such records are subject, will disclose inaccuracies. The purpose of the rule is to dispense with the appearance in court of public officials to prove routine matters.'

"Other statements of the same rule are found in 5 Wigmore, Evidence (3d ed) §§ 1630-1633; McCormick, Evidence 614, § 291; 20 Am Jur, Evidence 861, § 1023.

"The common law rule as applied to entries made by public officers of this state and of the United States is codified in ORS 43.370. * * *" 247 Or at 262-63.

The exhibit here simply states:

"RECORD OF CERTIFICATION for
ALCOHOL BREATH TESTING EQUIPMENT

"THE UNDERSIGNED trained technician of the Oregon State Board of Health certifies, pursuant to ORS 483.644 (2) (C), that on the date indicated below the following alcohol breath testing equipment identified by a check mark in the appropriate space below, was tested by him and found to be accurate for use".

The exhibit then identifies the instrument tested as "Breathalyzer Instrument 1690" located at the Lincoln County Jail.

In *Finchum v. Lyons,* supra, the court considered the admissibility of a certified copy of a report of the Bureau of Plant Pathology of the California Department of Agriculture establishing that potatoes, whose condition was the issue, had been tested by it and found to be infected with Bacterial Ring Rot.

In holding that this exhibit was admissible as an

exception to the hearsay rule, the Supreme Court stated:

> "* * * There is nothing in the evidence to suggest that the test * * * involved any exercise of discretion or judgment. * * *" 247 Or at 264.

The primary consideration in the development and application of the hearsay rule and the exceptions thereto is that of the reliability of the evidence. Tested against this standard, we hold that here, too, there is nothing in the Agreed Narrative Statement or in the exhibit to lead us to a different conclusion.

We hold that the exhibit was properly received.

The judgment is affirmed.