SCHWAB, C. J.
Defendant seeks reversal of his conviction for driving under the influence of intoxicating liquor, contending that certain documents were erroneously admitted into evidence because they were improperly certified. We hold the certifications to be sufficient, and affirm.
Over defendant’s objection, the state introduced: "Record of Certification for Alcohol Breath Testing Equipment”; "Record of Certification for Breathalyzer Ampoules”; and "Permit for Alcohol Breath Analysis” for the person who operated the equipment when defendant took a breathalyzer test. These documents were the foundation for admission of breathalyzer test results. See ORS 487.815.
The challenged documents were certified in the same manner — which the state concedes did not include the actual handwritten signature of the certifying officer but, rather, included a reproduction of that signature. Although the record is not clear, the appearance of the challenged documents suggests that the original document and the certification were placed together on a photocopying machine in such a manner that the original document and the certification were reproduced as a single page. Defendant contends that nothing less than the handwritten signature of the certifying officer is sufficient.
Since 1862, ORS 43.330, which deals with the proof of official records of state agencies, has read:
"Other official documents may be proved as follows:
"‡ * * * *
"(6) Documents of any other class in this state or the United States by the original or by a copy certified by the legal keeper.”
The question is whether "certified” within the meaning of this statute requires an actual signature.
Contemporary practice allows for great flexibility *[244] in the manner in which a person may identify a writing as his. The legislature has recognized and accepted this concept. In the course of adopting the Uniform Commercial Code in 1961, it enacted that portion now codified as ORS 71.2010(39), which provides:
" 'Signed’ includes any symbol executed or adopted by a party with present intent to authenticate a writing.”
See also ORS 192.050. Neither authority, nor policy, nor logic suggests any sound reason why a "signature” within the meaning of ORS 71.2010(39) should not be deemed a sufficient "certification” within the meaning of ORS 43.330.
Moreover, the certification requirement should be applied in light of its purpose to insure that copies are accurate reproductions of originals. £<?cORS 43.470(1). Requiring an original signature on a certification would do nothing to advance this purpose. Permitting the original and the certification to be simultaneously photocopied does advance this purpose.
Affirmed.