Argued and submitted November 26, 1980, resubmitted in banc March 4, reversed March 9, reconsideration denied October 7, petition for review denied December 2, 1981 (292 Or 109)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES BENJAMIN TURNER,
*Appellant.*

## (No. K11631, CA 18041)

624 P2d 1089

Gary N. Peterson, Portland, argued the cause for appellant. With him on the brief was Peterson and Peterson, Portland.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

RICHARDSON, J.

THORNTON, J., specially concurring opinion.

## RICHARDSON, J.

Defendant was convicted of driving a motor vehicle while his operator's license was suspended. ORS 484.365(4)(b). His sole assignment of error is that copies of documents from the Motor Vehicle's Division were not properly certified and were therefore inadmissible. We reverse.

Following trial, the exhibits offered and received apparently became lost and are not part of the record. The State, in its brief, says "[t]he certification utilized in the present case is indistinguishable from the certification procedure approved by this court in *[State v. Pingelton,* 31 Or App 241, 570 P2d 666 (1977), *rev den* 281 Or 99 (1978)]." However, the description of the documents by the trial judge as they were offered is somewhat at variance with the state's description.

The record indicates the state offered four exhibits, numbered 1 through 4. Exhibit #2 was admitted without objection and is not involved in this appeal. Exhibit #3 was a computer printout of defendant's driving record containing a certification that "the foregoing driving record copy is a correct transcript of the specified data contained within the data processing device or computer." This certification was signed: "Administrator, Motor Vehicles Division by David P. Moomaw." According to the trial court's description, the certification on Exhibit #3 was original, not a photocopy. The state offered Exhibit #3 to establish, by the entries regarding defendant's driver's license status, that the order of suspension was in effect on the day he was arrested. *See State v. Harris,* 288 Or 703, 609 P2d 798 (1980). Defendant objected to Exhibit #3 on the ground it contained inadmissible entries that he had been convicted of certain driving offenses. The state withdrew Exhibit #3 and offered Exhibit #1, which was a photocopy of Exhibit #3 with the objectionable entries deleted. Defendant objected to Exhibit #1 on the ground it did not contain an original certification. It is true that Exhibit #1 did not contain an original certification as offered, however, it was a photocopy of a properly certified document which had been altered to satisfy defendant's objection. The court was

aware, by the offer of Exhibit #3, that the material contained in Exhibit #1 was a correct copy of defendant's driving record. Exhibit #1 was properly received.

Exhibit #4, offered by the state, consisted of four separate documents. Each document was a single photocopy. Two of the documents were photocopies of separate orders of suspension of defendant's operator's license, the other two were photocopies of envelopes addressed to defendant indicating they were mailed by certified mail but were not delivered. Each of the four documents contained a photocopied certification. None of the photocopied certifications contained an original signature.

■ As offered, Exhibit #4 was a photocopy of a certified document. This does not operate as a certification required by ORS 43.470(1). Defendant states in his brief that Exhibit #4 was presumably prepared by someone in the Multnomah County District Attorney's office. For all that appears on the face of the document, that may well have occurred. We are unable to discern how the photocopy of the document was made or by whom. Exhibit #4 was improperly admitted.

Both parties pose the issue in this case as a reexamination of *State v. Pingelton, supra.* The separate concurring opinion of Thornton, J., accepts that challenge and concludes *Pingelton* should be overruled. Reversal of the judgment in this case does not require a reexamination of *Pingelton* or an assessment that it was wrongly decided.

In *Pingelton* we held that a reproduction of a signature on a certification was sufficient. We concluded that an original signature was not required where a reproduction of a signature is adopted to authenticate a writing. This holding was in response to the issue "whether 'certified' within the meaning of this statute [ORS 43.330] requires an actual signature." 31 Or App at 243. In describing the exhibit challenged, we said:

> "* * * Although the record is not clear, the appearance of the challenged documents suggests that the original document and the certification were placed together on a photocopying machine in such a manner that the original document and the certification were reproduced as a single page. * * *" 31 Qr App at 243.

It may be argued that affirming admission of the documents produced as we assumed occurred in *Pingelton,* in effect, holds a photocopy of a certified copy is admissible. However, we did not reach that issue in *Pingelton;* we decided only that a proper certification does not require an actual signature. With that narrow holding in mind it is unnecessary to even review *Pingelton,* much less overrule it.

We conclude that Exhibit #1 was properly received and that Exhibit #4 was not. Without the information contained in Exhibit #4 there was no proof of a critical element of the state's case; proof that defendant's license was suspended.

Reversed.

**THORNTON, J.,** specially concurring.

I concur in the result but disagree with the rationale offered by the majority to support its conclusion. Simply stated, the central issue presented here is whether Oregon law permits the introduction into evidence of a purported copy of an official record bearing only the facsimile signature of the purported custodian of that record.

The state in its brief freely concedes the following: that "[t]he certification utilized in the present case is indistinguishable from the certification procedure approved by this court in *[State v. Pingelton,* 31 Or App 241, 570 P2d 666 (1977), *rev den* 281 Or 99 (1978)]"; that "[t]he certification utilized included a reproduction of the signature of the certifying officer"; and that "the original suspension records and the original certification were placed together on a photocopy machine in such a manner that the original document and the certification were reproduced on a single page."

The state argues that we should affirm on the authority of *Pingelton.* Conversely, defendant contends that the state has "offered no certification or testimony that the photocopies offered in evidence were ever compared with the certified copies which they were copied from"; that the state has made no record for an exception to the Best Evidence Rule; and that therefore we should reverse the trial court and dismiss the case.

For reasons which are more fully stated in my dissent in *Pingelton,* I am of the opinion that *Pingelton* was incorrectly decided and should be overruled.

ORS 43.470 provides as follows:

"(1) Whenever a copy of a writing is certified. to be used as evidence, the certificate shall state that a copy has been compared by the certifying officer with the original, and that it is a correct transcript of the whole or of a specified part.

"(2) Whenever a transcript of a public writing stored in machine language in a data processing device or computer is certified to be used as evidence, it shall be stated by the certifying officer that it is a correct transcript of specified data contained within the data processing device or computer.

"(3) The official seal, if there is any, of the certifying officer, shall also be affixed to the certificate or any other certificate, except when the certificate of a clerk of a court is used in the same court or before an officer thereof."

Read literally, this statute requires that the copy be compared by its custodian with the original record for accuracy and completeness. The signature of the custodian attests to the fact that a comparison was made. The certification in question states that this was done. Use of a "floating certification" (reproduction of a form certification along with the document on a single page at the time of photocopying) calls the truth of that attestation into question.

It may well be that the procedure employed by the Motor Vehicles Division here is less burdensome than individual comparison but it is an expedient which our statutes and best evidence law have not heretofore sanctioned. Oregon has not adopted the "Uniform Facsimile Signature of Public Officials Act." By statute the original of a document is required to be introduced unless an exception applies. ORS 41.610. Certified copies of public records constitute such an exception (ORS 41.640(1)(d), 43.330(6)), the purpose of which is to dispense with the necessity of calling the custodian as a witness to authenticate the copy. *State v. Woodward,* 1 Or App 338, 340-41, 462 P2d 685 (1969). Actual comparison and signature is the substitute the legislature has prescribed for presence in court and the opportunity to cross-examine. "Floating certification"

makes it impossible to determine after the fact whether a comparison has been made and increases the possibility of falsification by persons with access to the certification form or any copy upon which that certification is reproduced.

Buttler and Warden, Judges, join in this specially concurring opinion.