Argued and submitted March 16, affirmed October 19, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID PERRIE BARCKLEY,
*Appellant.*

## (No. 80-3644-C, CA 19626)

634 P2d 1373

William N. Kent, Eugene, argued the cause for appellant. With him on the brief was Gary K. Jensen, P. C., Eugene.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, former Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was found guilty of Driving While Suspended. On appeal, he contends that the trial court erred in admitting as evidence certified copies of his driving record, two notices of suspension and two envelopes indicating undelivered certified mail. He admits that his position is contrary to *State v. Pingelton,* 31 Or App 241, 570 P2d 666 (1977), but argues that *Pingelton* should be overruled. We affirm.

The disputed evidence objected to consists of copies of a one-page driving record, two suspension orders and two envelopes indicating those orders were sent but undelivered.[1] The driving record is a computer printout. The certification paragraph at the bottom of the record was printed at the same time as the driving record. The signature of the administrator of Motor Vehicles Division (Division) and the seal of the Division are in different print, but both are preprinted on the computer paper.

The two suspension orders, as well as the two envelopes, are copies reproduced on a copy machine. The same page contains copies of the document being certified, the certification, and the administrator's signature and seal. The documents, the order and the certification were obviously placed on the copier at the same time and reproduced on one page. We cannot tell if the signature of the certifying officer is a copy of an original or a so-called "floating certification," *i.e.,* a copy of a copy.

The principal cases in this area conflict. *See State v. Pingelton,* 31 Or App 241, 570 P2d 666 (1977), *rev den* 281 Or 99 (1978), and *State v. Turner,* 51 Or App 113, 624 P2d 1089 (1981). In *Pingleton,* we held that the actual handwritten signature of an officer is not required for certification. In that case, as in the present one, the documents and certification were placed together on a photocopy machine and reproduced as a single page. Noting that the purpose of

---

[1] It is not clear what documents defendant objects to. In his brief he discusses only the copy of his driving record. The state claims that his objection at trial was unclear and assumes that his objection was to the copies of the suspension orders. The state's argument is applicable to all the documents before us. We also find defendant's objection to be unclear, but choose in any event to discuss all three documents because of the need to settle the law in this area.

the certification requirement is to insure that copies are accurate reproductions, we concluded that the procedure followed in *Pingleton* satisfied this purpose and held that the copies were properly admitted. Under *Pingelton,* the copies of the two suspension orders and the copies of the envelopes introduced in this case were properly admitted.

*Turner* involved various exhibits, all of which had been lost after trial; we relied on the trial court's description of them. The state sought to introduce a computer printout of defendant's driving record with an original certification. The defendant objected that it contained certain inadmissible entries. The state then offered a copy of the printout with the necessary deletions. Because the trial court had seen the printout and could tell that the copy was accurate, we held that the copy of the printout containing a copy of the certification and signature was properly received.

The state also offered as evidence in *Turner* photocopies of two suspension orders and copies of two envelopes indicating that the orders were mailed but undelivered to the defendant. Each of the four documents contained a photocopied certification, and none contained an original signature. Because they were merely photocopies of certified documents, we concluded that their certification did not comply with the requirements of ORS 43.470(1).

*Turner* was decided *en banc.* At least three members of this court believed that it was indistinguishable from *Pingleton,* and urged that we overrule the earlier decision. The majority, however, attempted to distinguish *Pingelton,* stating:

"* * * It may be argued that affirming admission of the documents produced as we assumed occurred in *Pingelton,* in effect, holds a photocopy of a certified copy is admissible. However, we did not reach the issue in *Pingelton;* we decided only that a proper certification does not require an actual signature. With that narrow holding in mind it is unnecessary to even review *Pingelton,* much less overrule it." 51 Or App at 117.

Perhaps the real distinction was that in *Turner,* we could not "discern how the photocopy of the document was made or by whom." 51 Or App at 116. In *Pingelton,* we could at least tell how the photocopy was made.

Assuming this distinction existed between *Turner* and *Pingelton,* it was lost in *State v. McDonald,* 51 Or App 473, 626 P2d 1 (1981), *rev den* 291 Or 151 (1981). In *McDonald,* the state introduced copies of a suspension order and a mailing certificate. The documents and certifications were all photocopies, and none contained original signatures. Citing *Turner,* we held that the documents were not properly certified and, therefore, we reversed. There is no discussion in *McDonald* as to how the copies were made.

In attempting to distinguish *Pingelton,* we seemed to suggest in *Turner* that a proper certification sometimes requires an original signature and sometimes does not. We did not attempt to identify in what circumstances each mode would be adequate. In *McDonald,* we interpreted *Turner* always to require original signatures. This roundabout road to a reversal of *Pingleton* is certain to create confusion. We must directly address the issue in light of all our decisions: is an original signature required to certify documents produced to establish the status of an accused's driving record and license? We hold that it is not.

ORS 41.640(1) provides, in pertinent part:

"(1)   There shall be no evidence of the contents of a writing, other than the writing itself, except:
"* * * * *

"(d)   When the original is a record or other document of which a certified copy, or of which a photostatic, miscrophotographic or photographic reproduction, is expressly made evidence by statute.
"* * * * *."

ORS 43.330 provides, in part:

"Other official documents may be proved as follows:
"* * * * *

"(5)   Acts of a public corporation of this state or of a board or department, by a copy certified by the legal keeper, or by a printed copy published by the authority of the corporation or department.

"(6)   Documents of any other class in this state or the United States by the original or by a copy certified by the legal keeper.
"* * * * *."

ORS 43.470 sets forth the requirements or form for certification:

> "(1)  Whenever a copy of a writing is certified to be used as evidence, the certificate shall state that a copy has been compared by the certifying officer with the original, and that it is a correct transcript of the whole or of a specified part.
>
> "(2)  Whenever a transcript of a public writing stored in machine language in a data processing device or computer is certified to be used as evidence, it shall be stated by the certifying officer that it is a correct transcript of specified data contained within the data processing device or computer.
>
> "(3)  The official seal, if there is any, of the certifying officer, shall also be affixed to the certificate or any other certificate, except when the certificate of a clerk of a court is used in the same court or before an officer thereof.

Under this statutory scheme, copies of official documents can be used as evidence of the contents of the document if they are properly certified. The purpose of certification is to insure the accuracy of the copy; because the copy is certified, there is no need to call the custodian to authenticate it. The statutes do not expressly require an original signature on a certification. The issue is whether one is needed to insure that the requirement and purpose of ORS 43.470(1) and (2) are met.

Our concern is whether the *process* that certification contemplates has actually occurred. If the nature of the certified document suggests that the process *has* occurred, we should not erect artifical barriers to its admission as reliable evidence. *Cf., State v. Echeverria,* 51 Or App 513, 626 P2d 897, *rev den* 291 Or 118 (1981).

■  We consider first the suspension notices and envelopes. Each certification is photocopied on the same piece of paper as the substantive document it purports to authenticate. Despite the photocopying, however, each certification fairly shows that *someone* obtained a document of a kind that only the Division would have, absent chicanery, brought that document together with a second document stating that the first one is just what it appears to be. Reproducing both on the same page does not detract from the clearly demonstrated fact that a specific, pertinent record has been sought and found.

The certification form itself contains these words, derived directly from the statute:

"* * *[T]he foregoing copy * * * has been compared by me with the original on file * * * and it is a correct transcript therefrom and of the whole thereof * * *."

The certification form contains a date subsequent both to that of the document it authenticates and to that of the traffic citation that gave rise to this proceeding. This set of circumstances permits only one fair inference: subsequent to and as a direct result of defendant's traffic citation, a search was made of the Division records for proof that defendant's license was suspended. That proof was found and a correct copy of it is in the exhibit before this court. Although there may be no proof that the person who found the record and caused it to be authenticated was the same person whose signature appears on the authentication, this problem would not be remedied by a pen-and-ink signature, since anyone at the Division could have signed the document; further, the law presumes the contrary. ORS 41.360(15).[2]

■ The "certified" driving record presents a different problem. It is an *original,* but ORS 43.470(2), *supra,* nonetheless contemplates that such a document shall be certified: "* * *[I]t shall be stated by the certifying officer that [the document] is a correct transcript of specified data contained within the data process device or computer." The preprinted certification on the exhibit here is in that language. However, the "signature" of the certifying officer is also preprinted.

Should this exhibit be rejected? We think not. A pen-and-ink signature would add nothing here because, realistically, the computer has the final word: there is no comparison to perform. The document—an original computer printout—is as reliable as it can be. The certification

---

[2] ORS 41.360(15) provides:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. they are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"* * * * *

"(15) Official duty has been regularly performed."

contains the seal of the department and the appropriate identifying and certifying language. Nothing more is possible.

The documents in question here were completely reliable. To require something more—in this case, an original pen-and-ink signature—to make them admissible would be to pervert the certification statutes. *State v. Pingleton, supra,* was correctly decided and is hereby expressly reaffirmed. *State v. Turner, supra,* to the extent it is inconsistent with this opinion, is overruled. *State v. McDonald, supra,* is overruled.

Affirmed.