797 P.2d 1237

**STATE of Arizona, Appellant,**

v.

**Siobhan A. IRVING, Appellee.**

**No. 1 CA–CR 89–448.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 4, 1990.

Roderick G. McDougall, City Atty. by David A. Winsten, Samuel K. Lesley and Mark L. Barry, Asst. City Prosecutors, Phoenix, for appellant.

Basil G. Diamos, Phoenix, for appellee.

Frederick S. Dean, City Atty. by Christopher L. Straub, Asst. City Atty., Tucson, for amicus curiae.

## OPINION

CECIL B. PATTERSON, Superior
Court Judge.

Appellant State of Arizona seeks a reversal of the superior court's order on the issue of whether A.R.S. § 28–110(F), which provides for self-authentication of certain Arizona Department of Transportation records, is unconstitutional. We hold that the statute is constitutional. Therefore, the superior. court's order is reversed and the matter remanded for further proceedings consistent with this opinion.

## BACKGROUND

Siobhan A. Irving, defendant, was charged with driving while her license was suspended, a class 1 misdemeanor, in violation of A.R.S. § 28–473(B). At trial in Phoenix Municipal Court, the state, relying on A.R.S. § 28–110(F), introduced defendant's Motor Vehicle Division (MVD) "moving violation record" over her objection. Defendant argued that the MVD record was inadmissible because it was hearsay, not certified and not authenticated. She argued that A.R.S. § 28–110(F) was a statutory rule of evidence prohibited by article 6, section 5 of the Arizona Constitution. The municipal court disagreed and admitted her driving record pursuant to this statute. Defendant was convicted and appealed to the superior court.

On appeal to the superior court, defendant challenged the constitutionality of A.R.S. § 28–110(F). The state argued that the statute was constitutional because it was a permissible supplement to the Arizona Rules of Evidence, and provided a reasonable and workable method for the admission of driving records in evidence. After oral argument, the superior court reversed defendant's conviction and held, in pertinent part:

The defense objected to certain evidence presented to the trial court of the suspension of the defendant's driver's license. The evidence was a "certification" submitted pursuant to A.R.S. § 28–110(F). The certification is in the form set forth in the statute followed by a signature line indicating "/s/ Marie Lenze". The name is printed, not signed. There is nothing in the record or on the document to indicate who Marie Lenze is....

It is clear that the Constitution of the State of Arizona gives the Supreme Court the power to make rules relative to procedural matters, including evidence. Article 6, Section 5(5), Arizona Constitution. Statutory "rules of evidence" violate this constitutional provision unless they supplement the Rules of Evidence adopted by the Supreme Court and are "reasonable and workable". *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984).

The statutory "rule of evidence" in question in this case, A.R.S. § 28–110(F), could be construed to supplement the Rules of Evidence and provide a "reasonable and workable" method of introducing motor vehicle records concerning defendants. If the human being who obtained the output from the computer actually signed the certification and that

signature was certified as in other forms of official or public documents, the motor vehicle record would satisfy the authentication requirements of Rule 902(4). In fact, Rule 902(4) appears to contemplate statutory procedures for certification.

However, certification must include some human involvement and some generally accepted method of determining from the face of the document that the person claiming to be a custodian of records, who is certifying that the document is what it purports to be, is a person capable of making that certification.

In this case, we have "evidence" generated by a computerized filing system as a result of commands to a computer by an unknown person in an unknown fashion. The human being whose name appears on the record is not the person responsible for preparing the "evidence" for court.

The application of A.R.S. § 28–110(F) followed by the lower court is not a "reasonable and workable" supplement to the Rules of Evidence. It conflicts with the Rules of Evidence and, therefore, violates Article 6(5) of the Arizona Constitution. *State ex rel. Collins v. Seidel, supra.*

After its motion for rehearing was denied, the state timely appealed. By order of this court, the Tucson City Prosecutor was permitted to file an amicus curiae brief.

### JURISDICTION

The procedural history of this case and the specific findings of the superior court necessitate a discussion of this court's jurisdiction over this matter.

■ This action originated in Phoenix City Court and was appealed to the Maricopa County Superior Court. Rule 13(b), Superior Court Rules of Appellate Procedure–Criminal, states: "No further appeal may be taken from a final decision or order under these rules, except as provided by A.R.S. § 22–375, pursuant to Rule 31, Rules [of] Criminal Procedure." A.R.S. § 22–375 states:

A. An appeal may be taken by the defendant, this state or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

These provisions limit this court's review to the facial validity of A.R.S. § 28–110(F). Its application to the specific facts of this case is beyond our review. In *State v. Wolfe*, 137 Ariz. 133, 669 P.2d 111 (App. 1983), the defendants appealed from a judgment of the superior court affirming convictions in the justice court for various game violations. The defendants attacked the validity of the game statute. This court held:

When a statute is attacked as unconstitutional, the matter is clearly before this court on that limited issue and, if the statute is facially constitutional, our inquiry is at an end and we are without jurisdiction to review any alleged unconstitutional application of the statute. *State v. Yabe*, 114 Ariz. 89, 90, 559 P.2d 209, 210 (App.1977); *State v. Anderson*, 9 Ariz.App. 42, 449 P.2d 59 (1969).

*State v. Wolfe*, 137 Ariz. at 134, 669 P.2d at 112.

In *State v. Holland*, 153 Ariz. 536, 738 P.2d 1143 (App.1987), a criminal misdemeanor case tried in city court and appealed to superior court, this court noted that an attack on the trial court's interpretation or application of a statute is beyond the scope of this court's review. *Id.* at 538, 738 P.2d at 1145; *see also State v. Renteria*, 126 Ariz. 591, 593, 617 P.2d 543, 545 (App.1979). With this limitation in mind, we turn to the merits of this appeal.

### DISCUSSION

The state argues that A.R.S. § 28–110(F) is valid because it does not conflict with the

Rules of Evidence, but provides a reasonable and workable supplement to evidence rules 901 and 902. The state also challenges the findings by the superior court that the printed or facsimile signature of the custodian of records was somehow inadequate, and that there was nothing on the moving violation record to indicate "who Marie Lence [sic] is."

Defendant counters by contending that because the statute does not require an actual comparison by a custodian of records of the computer data with the information printed on the record, the statute does not provide a reasonable and workable alternative to the Rules of Evidence. She also contends that the statute is a legislative attempt to circumvent the Rules of Evidence by requiring only the mere incantation of "magical language" as a prerequisite to the admission of a driving record. Defendant agrees with the state that facsimile signatures are valid. However, she argues that in the present case, there was no signature whatsoever; "[a]ll that appears is the magical incantation or Shiboleth [sic] contained in the statute [A.R.S. § 28–110(F)]." Thus, defendant argues that there was no "actual certification or authentication taking place."

The statute states in pertinent part:

F. A reproduction of the information placed on computer storage devices shall be deemed to be an original of the record for all purposes and shall be admissible in evidence without further foundation in all courts or administrative agencies when the following certification by a custodian of the record appears on each page:

The below named individual, being a duly designated custodian of the motor vehicle division's public records, certifies this document as a true reproduction of the information contained in the computer storage devices of the department of transportation, motor vehicle division, in accordance with Arizona Revised Statutes § 28–110, subsection F.

By: /s/ (Print full name)
A.R.S. § 28–110(F).

■ The superior court found that "[t]he statutory 'rule of evidence' in question in this case, A.R.S. § 28–110(F), could be construed to supplement the Rules of Evidence and provide a 'reasonable and workable' method of introducing motor vehicle records concerning defendants." We agree with the superior court that the statute can be interpreted as constitutionally valid and we therefore so interpret it. If a statute is susceptible of two interpretations, one which renders it unconstitutional and one which renders it constitutional, this court must adopt the interpretation favoring its constitutionality. *Lake Havasu City v. Mohave County*, 138 Ariz. 552, 558, 675 P.2d 1371, 1377 (App.1983).

■ On its face, section 28–110(F) requires certification by a custodian of records that the document is a true reproduction of information stored in the Motor Vehicle Division computer. In *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984), the supreme court stated that "[w]e will recognize 'statutory arrangements which seem reasonable and workable' and which supplement the rules we have promulgated." *Id.* at 591, 691 P.2d at 682. The statute here in question supplements the rules of evidence. It is, therefore, a reasonable and workable statutory arrangement. In *Seidel*, the court was called on to determine whether A.R.S. § 28–692.03 was a permissible alternative method of admitting breath-test evidence, or one that flatly contradicted the procedures adopted by the Rules of Evidence. In holding that the statute was a reasonable and workable alternative, the court noted:

The state interest in keeping drunk drivers off the roads is evidently so compelling in the legislature's view that it devised an easier way of admitting breath test evidence in prosecutions under A.R.S. § 28–692. In essence, the statute does away with the necessity of expert testimony and permits the court to admit evidence of breath test analysis simply by showing that the test was adminis-

tered with an approved device, by an operator holding a permit, who followed methods approved by DHS and complied with procedures adopted by DHS. This permits evidentiary admission of the test and its results with no expert testimony at all. The reliability and accuracy of the results is vouched for by demonstrating compliance with the statute. . . .

*Id.*

The supreme court restated these principles in *State v. Superior Court,* 154 Ariz. 574, 744 P.2d 675 (1987), where it noted that

the court will look to how "reasonable and workable" the statutes are in relation to court-promulgated rules. The [*Seidel*] court added, however, that it "must draw the line" whenever a conflict arises or when a statutory rule "tends to engulf" a court-made rule. The court held that the "legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in [Arizona Constitution] article 6, § 5."

*Id.* at 576, 744 P.2d at 677 (citations omitted) (quoting *State ex rel. Collins v. Seidel,* 142 Ariz. at 591, 691 P.2d at 682); *see also State v. Robinson,* 153 Ariz. 191, 735 P.2d 801 (1987).

In the present case, therefore, we must examine how "reasonable and workable" A.R.S. § 28–110(F) is in relation to the applicable rules of evidence: rules 901 and 902 of the Arizona Rules of Evidence. These rules provide that evidence may be authenticated or identified in one of several ways. The general authentication requirement is found in rule 901(a) and is phrased in terms of a condition precedent to the admissibility of a writing. The judge must be satisfied that there is evidence in the record sufficient to support a finding by the trier of fact that the writing is what its proponent claims. The judge does not determine whether the document is authentic, only whether there is some evidence from which the trier of fact could reasonably conclude that it is authentic. Once admitted, the opponent is still free to contest the genuineness or authenticity of the doc-

ument, and the weight to be given the document becomes a question for the trier of fact. 1 M. Udall and J. Livermore, *Arizona Practice—Law of Evidence* § 111, at 221–22 (2d ed. 1982). Rule 901(b) sets forth several illustrations of authentication which conform with the requirements of the rule. Notably, illustration 7 states:

(7) *Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Rule 901(b)(7), Arizona Rules of Evidence.

Rule 901(b)(10) specifically notes that authentication or identification may be satisfied by "[a]ny method of authentication or identification *provided by applicable statute* or rules." (Emphasis added.)

Rule 902 provides that certain documents are self-authenticating and do not need extrinsic evidence of authenticity where such authenticity is presumed by statute. This rule states in relevant part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

. . . .

(10) *Presumptions Under Statutes.* Any signature, document, or other matter declared by applicable statute to be presumptively or prima facie genuine or authentic.

A.R.S. § 28–110(F) is an example of such a statute. The purpose of this statute was to permit the Motor Vehicle Division to put its records on computer and to provide for the admission of these records without requiring someone from the Motor Vehicle Division to appear in court to certify the records. *Cf.* House Transportation Committee, minutes of meeting on H.B. 2453, February 19, 1985, 37th Leg., 1st Sess. (Motor Vehicle Division comments in support of legislation). The statute, by its very terms, requires a custodian of records to certify that the computer printout is a "true reproduction of the information contained in the computer storage devices of

the department of transportation, motor vehicle division...." The computer printout is an original of this record. Rule 1001(3), Arizona Rules of Evidence.

At oral argument, the superior court correctly noted that "the legislature doesn't have the right to force the courts to admit evidence just because they pass a statute. But that doesn't mean we're not going to admit evidence when it complies with the rules of evidence that we have drafted." The court then suggested that if the certification pursuant to section 28–110(F) passed muster under rules 901 or 902 of the Rules of Evidence, the statute would be a reasonable and workable alternative and therefore constitutional.

■ The superior court, however, incorrectly found the certification to be inadequate in part because "there is nothing in the record or on the document to indicate who Marie Lence [sic] is." The trial court also found:

> However, certification must include some human involvement and some generally accepted method of determining from the face of the document that the person claiming to be a custodian of records, who is certifying that the document is what it purports to be, is a person capable of making that certification.

> In this case, we have "evidence" generated by a computerized filing system as a result of commands to a computer by an unknown person in an unknown fashion.

The moving violation record in this matter did include the following certification:

> The below named individual, being a duly designated custodian of the Motor Vehicle Division's public records, certifies this document [defendant's moving violation record] as a true reproduction of the information contained in the computer storage devices of the Department of Transportation, Motor Vehicle Division, in accordance with Arizona Revised Statutes section 28–110, subsection F.
> By: /s/ Marie Lenze

Arizona Revised Statutes section 28–110(F) *does require* human involvement. The statute provides that the information

placed on the Motor Vehicle Division computer storage devices shall be deemed an original if a custodian of the records certifies on the moving violation record itself that the record is indeed a true reproduction of the information contained in the computer storage devices of the Motor Vehicle Division. This custodian must indicate on the record that the custodian is in fact a duly designated custodian. The fact that the evidence is "computer generated" and bears the printed facsimile of the custodian's signature does not render the record inadmissible.

Montana has enacted a statute, Mont. Code Ann. § 61–11–102(6) (1989), which is very similar to A.R.S. § 28–110 and has survived a similar challenge on appeal. *City of Billings v. Lindell*, 236 Mont. 519, 771 P.2d 134 (1989). That statute contains provisions intended to facilitate admission of Montana Division of Motor Vehicles (DMV) records at trial by eliminating the burdensome requirement of individual court appearances to supply the foundation for certification and authentication of DMV records. Additionally, in language very similar to the Arizona statutory provision, the Montana statute requires that a certificate of authenticity appear on each page of the Montana DMV records.

In *State v. Turner*, 51 Or.App. 113, 624 P.2d 1089 (1981), the Oregon Court of Appeals was called on to decide the admissibility of a computer printout of the defendant's driving record. The computer printout contained a certification similar to the certification authorized by section 28–110(F).

> Exhibit # 3 was a computer printout of defendant's driving record containing a certification that "the foregoing driving record copy is a correct transcript of the specified data contained within the data processing device or computer." This certification was signed: "Administrator, Motor Vehicles Division by David P. Moomaw."

*Id.* at 115, 624 P.2d at 1090. This exhibit was an original and contained entries which indicated the defendant suffered driving-re-

lated convictions irrelevant to the matter at hand. Therefore, the exhibit was sanitized and copied. The sanitized copy was admitted at trial over defendant's objection. On appeal, defendant claimed the copy was inadmissible because it did not contain an original certification. The argument was rejected because the trial court was aware, by offer of the original exhibit, that the photocopy was an accurate copy of defendant's driving record. *Id.* at 115–16, 624 P.2d at 1090. Although the issue in *Turner* was somewhat different than the issue here, the court had no trouble with the admissibility of a computer-generated printout of defendant's driving record. This view was affirmed in *State v. Barckley*, 54 Or.App. 351, 634 P.2d 1373 (overruling *Turner* on other grounds).

■ The driving record in this matter was an original and not a copy. A.R.S. § 28–110(F); rule 1001(3), Arizona Rules of Evidence. The language of the statute requires that a custodian of the records certify that it is a true reproduction of the data stored on computer. The fact that the custodian's signature is a printed facsimile does not defeat the admissibility of the record. We agree that absent contrary evidence, the trial court is entitled to presume that the facsimile signature of a state officer is valid. *State v. Huggins*, 659 P.2d 613, 618 (Alaska Ct.App.1982).

Given the extensive use and reliability of computers as "record keepers," we hold that A.R.S. § 28–110(F) as so construed is a reasonable and workable supplement to the Rules of Evidence. However, due to statutory limits on our appellate jurisdiction, discussed *supra*, we do not now consider whether the requirements of section 28–110(F) were complied with in this case. Rather, we leave that question for the municipal court on remand.

## CONCLUSION

For all the foregoing reasons, the trial court's order is reversed and the matter remanded for further proceedings consistent with this opinion.

JACOBSON, P.J., and LANKFORD, J., concur.

NOTE: The Honorable CECIL B. PATTERSON of the Maricopa County Superior Court, State of Arizona, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3.