NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH DEMITRIUS PORRAS, *Appellant.*

No. 1 CA-CR 15-0143
FILED 5-12-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2013-445678-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

Joseph Demitrius Porras
*Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Joseph Demitrius Porras has advised us that he has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting us to conduct an *Anders* review of the record. And Porras took the opportunity and filed a supplemental brief.

### FACTS[1]

**¶2**　　　The Phoenix Police Department responded to complaints that a person, later identified as Porras, was running in and out of traffic. When the officers arrived, Porras gave them a false name and, after the officers asked again, fled the scene, ignoring commands to stop. The officers followed Porras in their vehicles, but Porras continued to run, ignoring the emergency lights and sirens. Porras eventually stopped, picked up two broken stone pavers, and threw one of the pavers at Officer Stephen Lewis, who was walking toward him. Officer Lewis moved and avoided being hit, and Porras turned and walked away, carrying the second paver. The officers then used a Taser on Porras, and arrested him.

**¶3**　　　Porras was indicted for one count of aggravated assault, a class 2 dangerous felony. At trial, Porras waived his right to counsel, and was allowed to represent himself. The jury found Porras guilty. Because he was on probation and had a felony conviction, he was subsequently sentenced to 15.75 years in prison, and was given 512 days of presentence

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

incarceration credit.[2]  Porras appeals, and we have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

**¶4**          Porras, in his supplemental brief, challenges the authenticity of the evidence presented during trial, and argues he was deprived of his Sixth Amendment right to cross examine the witnesses against him. Because he did not raise the issues with the trial court, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

**¶5**          On appeal, Porras questions the authenticity of the trial evidence and argues the evidence was inconsistent, fraudulent, and tampered with.  Specifically, he contends that Officer Lewis committed perjury by testifying that he did not arrest Porras, and that the pictures submitted into evidence were counterfeit.

**¶6**          A trial court determines, if an objection is made, whether evidence is relevant and should be admitted for jury consideration.  *See* Ariz. R. Evid. 401.  Similarly, if an evidentiary motion challenges the authenticity of evidence, the court has to determine whether the record contains sufficient evidence to support a jury finding that the proffered evidence is what its proponent claims it to be under Arizona Rule of Evidence 901. *See State v. Lavers*, 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991) (citations omitted).  Once the evidence is admitted, an opponent may still contest its genuineness and authenticity, but the trier of fact, a jury, determines the weight it will be given. *State v. Irving*, 165 Ariz. 219, 223, 797 P.2d 1237, 1241 (App. 1990) (citation omitted).  Because the jury, as the trier of fact, is in the best position to weigh the evidence and judge the credibility of witnesses, *State v. Hoskins*, 199 Ariz. 127, 149, ¶ 97, 14 P.3d 997, 1019 (2000) (citation omitted); *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220

---

[2] At the time of this offense, Porras was on probation in CR 2005-006245. After the jury found him guilty in this case, his probation was revoked, and he was sentenced in CR 2005-006245 to 3.5 years in prison, with 756 days of presentence incarceration credit, which was to be served concurrently with the sentence in this case.

[3] We cite the current version of the applicable statutes unless otherwise noted.

(App. 1995) (citations omitted), we will neither re-weigh the evidence on appeal, nor substitute our judgement for the jury's. *See State v. Romanosky*, 162 Ariz. 217, 226, 782 P.2d 693, 702 (1989).

¶7  In this case, the evidence was offered and admitted, Porras testified that the officers were lying, and the jury had to then determine the facts, and determine whether the State proved each element of the offense beyond a reasonable doubt.  The court did not commit error by admitting the evidence and letting the jury consider it.  Moreover, Porras has not demonstrated any prejudice in the admission of the evidence, other than his claim that the evidence resulted in his conviction.  Consequently, we find no fundamental prejudicial error. *See Henderson*, 210 Ariz. at 567-68, ¶ 20, 115 P.3d at 607-08.

¶8  Porras also argues he was denied the opportunity to cross-examine and question Officer Lewis.  His assertion is belied by the record.  When Porras started his cross-examination of the officer and referred to documents or exhibits, at the State's request, the court asked Porras to use the exhibits marked for the record, so the witness would know which report Porras was referring to. *See* Ariz. R. Evid. 611(a)(1), (2) (stating court should exercise reasonable control over the mode and order of presenting evidence so as to make the procedures effective for determining truth and avoid wasting time).  Moreover, the record indicates he cross-examined Officer Lewis both after direct examination, and again after re-direct examination.  Consequently, we find no error, much less fundamental prejudicial error.

## REVERSIBLE ERROR

¶9  We have read and considered Porras' supplemental brief, and have searched the entire record for reversible error.  We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record, as presented, reveals that Porras voluntarily waived his right to counsel during the trial phase, but was supported by appointed advisory counsel who assisted him during trial.  After the verdict, the court, finding that Porras was not sufficiently familiar with the legal concepts and arguments to proceed pro per, appointed counsel to represent him during sentencing.  And the sentences imposed were within the statutory limits.

¶10        After this decision is filed, counsel's obligation to represent Porras in this appeal has ended. Counsel must only inform Porras of the status of the appeal and Porras' future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Porras may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶11        Accordingly, we affirm Porras' conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama