[Civil No. 1814. Filed December 28, 1920.]

[193 Pac. 1019.]

## W. J. DAVIES and M. P. DAVIES, Appellants, v. FRED C. JOHNSON, Appellee.

1. APPEAL AND ERROR—ORDER GRANTING INJUNCTION AT ANY STAGE OF CASE IS APPEALABLE.—Civil Code of 1913, paragraph 1227, subdivision 2, declaring an appeal may be taken from an order granting an injunction, applies to such an order made at any stage of the case in which application therefor is made.

2. INJUNCTION—DOES NOT LIE TO PREVENT BREACH OF COVENANT IN LEASE AS TO CULTIVATION.—Civil Code of 1913, paragraph 1459, subdivision 5, declaring that an injunction cannot be granted to prevent the breach of a contract, performance of which would not be specifically enforced, applies to a covenant of lease as to cultivation of lands.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed and remanded.

### STATEMENT OF FACTS.

An action to recover damages resulting from an alleged breach of covenant in a lease of farm lands, and for an injunction restraining the lessees from further breaching the covenant of the lease. The court, *ex parte,* issued an order to show cause, if any defendants had, why an interlocutory injunction prayed for in the complaint be not granted, and pending a hearing on such rule a restraining order was made. Upon hearing, after notice, on March 9, 1920, the court "ordered that said defendants be, and they are hereby, enjoined and restrained from planting, irrigating, and cultivating, or causing or permitting

2. Injunction to prevent improper use of leased premises, note, 59 Am. Dec. 70.

Restraining by injunction breach of contract not capable of being specifically enforced, notes, 3 Ann. Cas. 976; 7 Ann. Cas. 55.

to be planted, irrigated, or cultivated, crops other than alfalfa upon any part of the lands and premises described in plaintiff's complaint, which were upon the twenty-first day of January, 1918, planted to alfalfa." Defendants appealed from such order. Other facts appear in the opinion.

Mr. W. H. Stilwell and Messrs. Davis & Goodman, for Appellants.

Mr. Richard E. Sloan, Mr. C. R. Holton, and Mr. E. G. Scott, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above.)—The appellee has moved to dismiss this appeal upon the grounds that the order is not appealable. We conditionally denied the motion, but permitted the parties to present the question at the hearing of the appeal.

Upon mature consideration of the question we are satisfied paragraph 1227, subdivision 2, grants the right to appeal from an order granting an injunction at any stage of the case in which the application is made. Judge SAWYER, speaking for the Supreme Court of California in *Sullivan* v. *Triumfo G. & S. M. Co.*, 33 Cal. 385, passing on the statute of California, from which our statute was evidently copied, said:

"The language [of the statute] is explicit, and clearly covers every case of an order granting an injunction. It does not say 'from an order granting an injunction made on notice, or upon order to show cause.' Nothing is said about an order adjudicated after a contest, or after both sides have been heard. The appeal is from 'an order granting an injunction' in the broadest terms, without limit or qualification."

That language is applicable to our statute.

The complaint alleges that the defendants are occupying the eighty acres of land belonging to the plain-

tiff under the assignment of a lease from the Hassa-
yampa Creamery Company, to which company the
plaintiff leased the land for a term beginning on the
twenty-fourth day of January, 1918, and ending on
the twenty-fourth day of January, 1921. The defend-
ants accepted the land on the twenty-third day of
May, 1919, under a lease in form from the Hassa-
yampa Creamery Company for a term beginning on
that date and ending on the twenty-fourth day of
January, 1921. We quote from the Hassayampa
Creamery Company lease, which is followed by the
Davies' lease in wording, to wit:

"That the second party further agrees that it will
properly and sufficiently irrigate the alfalfa stand
now growing on said leased premises during said term
and furnish the necessary water therefor, to the end
that said alfalfa stand may be kept in a good grow-
ing and thriving condition as at the present time,
and said second party further agrees that at the
expiration of this lease the premises shall be returned
to the first party with as much alfalfa stand as at
present, and to farm the same in a prudent and rea-
sonable manner."

The complaint alleges, among other things, that—

Said defendants "threatened and are about to plow
up said alfalfa lands, and to let or sublet said prem-
ises to persons who will plant the land to truck gar-
dens and other crops, in violation of the terms of
said lease; . . . and, unless enjoined or restrained
by an order of this court, said stand of alfalfa upon
said land will be totally destroyed and removed there-
from, and great waste committed thereon, to the great
and irreparable damage of this plaintiff."

Upon this allegation and the evidence in support
thereof, the court granted the injunction as follows:

"The defendants be, and they are hereby, enjoined
and restrained from planting, irrigating, or cultivat-
ing, or causing or permitting to be planted, irrigated,

or cultivated, crops other than alfalfa upon any part of the lands and premises described in plaintiff's complaint, which were, upon the twenty-first day of January, 1918, planted to alfalfa, upon the plaintiff's giving bond in the sum of $1,000. The said lands and premises described in plaintiff's complaint are as follows, to wit: The west half of the northwest quarter of section 29, township 2 north, range 4 east, Gila and Salt River base and meridian, Maricopa County, Arizona.''

Without doubt, the plaintiff landlord could not specifically enforce the covenant in question; therefore, paragraph 1459, subdivision 5, Revised Statutes of Arizona of 1913, withholds from the courts the right to grant injunctions ''to prevent the breach of a contract the performance of which would not be specifically enforced.''

The granting of an injunction for the purposes for which this injunction was granted in this case was error, and in violation of the statute cited. Such is the view recognized in *Anderson* v. *Neal Institutes Co.,* 37 Cal. App. 174, 173 Pac. 779, by the court of appeals of California, passing on the statute from which our statute was copied. The decision in that case is sound, and we apply it to our statute.

The order is reversed, and the cause remanded for such further proceedings as the law provides.

ROSS and BAKER, JJ., concur.