325 P.2d 400

EVERYBODY'S DRUG COMPANY, a corporation, Appellant,

v.

David J. DUCKWORTH, doing business under the name of Mesa Drug Company, Appellee.

No. 6402.

Supreme Court of Arizona.
May 7, 1958.

Moeur & Jones and Shimmel, Hill, Cavanagh & Kleindienst, Phoenix, for appellant.

142

McKesson & Renaud and J. Gordon Cook, Phoenix, for appellee.

PHELPS, Justice.

This case involves both an appeal and a cross-appeal from a judgment entered by the trial court: (1) granting to plaintiff-appellant (hereinafter called plaintiff) a permanent injunction against defendant-appellee (hereinafter called defendant) enjoining defendant, his agents, etc., from advertising, offering for sale or selling certain products of "Mead-Johnson & Co." and certain products of "Proctor & Gamble" for less than the fair trade price thereof as fixed by a fair trade market agreement between said producers and defendant and a like agreement between said producers and plaintiff; (2) granting damages in favor of plaintiff for one dollar for the violation by defendant of said agreement; (3) dismissing plaintiff's complaint in all other respects; and (4) providing for each party to bear its or his own costs.

The judgment further decrees "that the provisions of Article 2, Chapter 10, Title 44 (A.R.S.) [A.R.S. §§ 44–1421 to 44–1424 inclusive], and particularly Section 44–1423 thereof, is and are null and void insofar as it or they purport to bind a person who has not signed and is not a party to a fair trade contract," and insofar as it makes a non-signer of such a contract guilty of violating the Arizona Fair Trade Act, it violates the Constitution of the United States and the Constitution of the State of Arizona.

Plaintiff appeals from all portions of said judgment except that part thereof specifically granting plaintiff's motion for judgment on the pleadings, or in the alternative, for summary judgment. The record does not show whether the judgment for plaintiff rests upon the granting by the court of plaintiff's motion as a judgment on the pleadings or as a summary judgment. The same is true as to defendant's motion. We believe, however, that it is immaterial. Defendant is cross-appealing from the portion of the judgment in favor of plaintiff, including damages in the sum of one dollar, and granting the injunction against defendant enjoining him from violating the terms of the fair trade agreements he had with Mead Johnson & Company and The Proctor & Gamble Distributing Company involving the same commodities concerning which plaintiff had a fair trade agreement.

The facts are that plaintiff and defendant are engaged in the drug business in Mesa. Both defendant and plaintiff have fair trade agreements with Mead Johnson & Company and The Proctor & Gamble Distributing Company covering the same products; and, in addition thereto, plaintiff has fair trade agreements with Toni Company Division of The Gillette Company and Colgate-Palmolive Company. Defendant has

no agreements with the latter producers. Other druggists in the valley have fair trade agreements with certain other producers, but neither plaintiff nor defendant have such agreements with such other producers.

Defendant admittedly violated all of these fair trade agreements, and, upon plaintiff's request by letter that he desist from further violation thereof, defendant wrote to plaintiff advising him that he would not discontinue such violation until ordered to do so by a court of competent jurisdiction. Plaintiff instituted this action against defendant with the above result.

The only question involved in this appeal is the constitutionality of the Arizona Fair Trade Act, A.R.S. §§ 44–1421 to 44–1424 inclusive, and particularly as it applies to a retailer who is not a party to a fair trade agreement involved in the litigation. Plaintiff contends that the Fair Trade Act violates no provision of either the state or federal constitutions. Defendant contends that it contravenes Art. 14 § 15 and Art. 2 §§ 4 and 13 of the Arizona Constitution, A.R.S., and is also violative of the 5th amendment and section 1 of the 14th amendment to the Constitution of the United States and of Art. 6, clause 2 and article 1, section 8, clause 3 of said Constitution. All of the questions here presented have been fully disposed of in General Electric Company v. Telco Supply,

Inc., 84 Ariz. 132, 325 P.2d 394, and the law enunciated therein applies equally to this case.

We therefore hold that the Arizona Fair Trade Act violates no provision of either the federal or state constitutions and that it is valid in every particular and binding upon both signers and non-signers of fair trade agreements. However, in order for it to be binding upon a non-signer, he must have knowledge of the restrictions imposed by the producer or owner in its fair trade agreement with another retailer in the state, and, knowing of such restrictions, wilfully violate the same by advertising, offering for sale, or selling the commodities named therein below the fair trade price fixed in such fair trade agreement. Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109. Defendant admits he knew of the restrictions involved in the instant case.

Therefore, that portion of the judgment pronouncing the Arizona Fair Trade Act unconstitutional, and particularly insofar as it applies to non-signers of a fair trade agreement with another retailer in this state, is reversed and remanded with directions that judgment be entered for plaintiff and against defendant declaring the entire act constitutional and for damages in the sum of one dollar with costs of suit both in this court and in the superior

court, and that the permanent injunction be enlarged to embrace non-signers of fair trade agreements in accordance with the pronouncements hereinabove made.

UDALL, C. J., WINDES, STRUCK-MEYER and JOHNSON, JJ., concur.