422 P.2d 184

**BULOVA WATCH COMPANY, Inc.,**
a corporation, Appellant,

v.

**SUPER CITY DEPARTMENT STORES OF
ARIZONA, INC., a corporation, and John
Doe I to John Doe X, Appellees.***

**No. 2 CA–CIV 64.**

Court of Appeals of Arizona.

Jan. 5, 1967.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7995. The matter was referred to this Court pursuant to A.R.S. § 12–120.23.

**554**

Boyle, Bilby, Thompson & Shoenhair, by Michael Lacagnina, Tucson, for appellant.

Merchant, Parkman, Miller & Pitt, by Robert F. Miller, Tucson, for appellees.

PORTER MURRY, Superior Court Judge.

Appellant, hereinafter referred to as plaintiff, has taken this appeal from an order of the Superior Court of Pima County, denying a preliminary injunction in a lawsuit instituted by it against the appellees, hereinafter referred to as defendants. The action was brought by the plaintiff under the provisions of the Fair Trade Practices Act of the State of Arizona, Arizona Revised Statutes, Title 44, Chapter 10, Article 2, §§ 44–1421 to 44–1424 inclusive, and the McGuire Act, 66 Stat. 631, 15 U.S.C. § 45, seeking an injunction against the defendants to enjoin the sale of plaintiff's commodities at prices less than those maintained by the plaintiff.

An order to show cause was issued upon the complaint, ordering the defendants to appear and show cause why they should not be enjoined pendente lite. A hearing was held on the order to show cause, evidence was introduced by the parties, and at the conclusion of the hearing, the court took the matter under advisement. Subsequently thereto, the court entered its findings of fact and conclusions of law and denied plaintiff's request for a preliminary injunction.

Defendants, in their brief filed herein, have presented no argument or authority in support of the trial court's ruling. Their sole response is that this appeal is premature. In support of their position they cite Rule 54(b), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., which provides as follows:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

■ It is true that plaintiff's complaint presents multiple claims, and that there has been no judicial determination as to four of the five claims; nor, in denying the instant claim for preliminary injunction, was there an express determination "that there is no just reason for delay", nor an express "direction for the entry of judgment." Where multiple claims are involved, and but one is adjudicated, absent the express "determination and direction" as set forth in Rule 54(b), the judgment is merely interlocutory. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). See also Rail N Ranch Corp. v. State of Arizona, 4 Ariz.App. 301, 419 P.2d

742 (filed November 3, 1966); Pegler v. Sullivan, 4 Ariz.App. 149, 418 P.2d 395, 396 (1966).

■ However, an interlocutory order which is made appealable by statute does not require the express "determination and direction." Funger v. Mayor and Council, 244 Md. 141, 223 A.2d 168 (1966); George P. Converse & Co. v. Polaroid Corporation, 242 F.2d 116 (1st Cir. 1957); Hook v. Hook & Ackerman, 213 F.2d 122 (3d Cir. 1954); Pang-Tsu Mow v. Republic of China, 91 U.S.App.D.C. 324, 201 F.2d 195 (1952), cert. den. 345 U.S. 925, 73 S.Ct. 784, 97 L.Ed. 1356 (1953); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1193, p. 23. The subject order, refusing to grant an injunction, is made appealable by A.R.S. § 12–2101, subsec. F, par. 2 which provides that an appeal may be taken from the superior court in the following instance:

> "Granting or dissolving an injunction, or refusing to grant or dissolve an *injunction,* or appointing a receiver." (Emphasis supplied.)

■ An appeal may be taken from an order granting or refusing to grant an injunction at any stage of the case in which application for the injunction is made. Bank of Arizona v. Superior Court of Yavapai County, 30 Ariz. 72, 245 P. 366 (1926); Davies v. Johnson, 22 Ariz. 63, 193 P. 1019 (1920). We, therefore, reject the defendants' claim that this order is nonappealable.

Briefly, the facts which gave rise to this claim for injunctive relief are as follows. The plaintiff manufactures and distributes Bulova watches and products. It entered into a fair trade price agreement with Crescent Jewelers Company, Tucson, Arizona, on November 8, 1962, establishing the minimum retail sale prices of Bulova watches. The president of the defendant corporation was personally informed by an employee of the plaintiff, prior to the opening of defendant's store, that this fair trade price agreement existed and, further,

that fair trade prices were maintained in the State of Arizona.

On November 21, 1962, the defendant, Super City, was presented with a copy of the plaintiff's fair trade price list. Thereafter, on November 29, 1962, it sold a Bulova watch to a customer for less than the minimum price maintained by the plaintiff. Testimony of the president of the defendant corporation reveals that he was selling and would continue to sell Bulova products at less than the fair trade prices unless restrained by order of court.

■ It is true that the defendant corporation was not a party to a fair trade agreement with the plaintiff. It could be bound, however, to the price established in fair trade agreements between the plaintiff and other retailers, under the "non-signer" provision of A.R.S. § 44–1423 which provides:

> "Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of § 44–1422, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition upon which an action may be brought by any person damaged thereby."

■ The constitutionality of the "non-signer" provision of the Fair Trade Practices Act has recently been upheld by the Supreme Court of Arizona in Skaggs Drug Center, Inc. v. United States Time Corp., 101 Ariz. 392, 420 P.2d 177 (1966). The evidence clearly shows that Super City had knowledge of the minimum prices fixed by the plaintiff for sale of its products. By its own admission, the defendant corporation wilfully sold Bulova watches and planned to do so in the future at prices below the fixed minimum retail prices.

■ The Arizona Fair Trade Act is valid and binding upon a non-signer of a fair trade agreement when he has knowledge of the restrictions imposed by the producer or owner in its fair trade agree-

ment with another retailer in the state, and, with knowledge of such restrictions, wilfully violates the same by advertising, offering for sale, or selling the commodities named therein below the fair trade prices fixed in such fair trade agreement. Everybody's Drug Company v. Duckworth, 84 Ariz. 141, 143, 325 P.2d 400 (1958); Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109 (1936).

■ As we have previously indicated, appellees' answering brief did not favor this court with a discussion of the merits of the controversy. It is well settled in this jurisdiction that an appellee's failure to *file* an answering brief where there are debatable issues constitutes a confession of reversible error. Gallatin v. State of Arizona, 4 Ariz.App. 44, 417 P.2d 557 (1966); United Bonding Insurance Co. v. Thomas J. Grosso Investment, Inc., 4 Ariz. App. 285, 419 P.2d 546 (1966); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963). We believe the principle is equally applicable when an appellee does in fact file a brief which fails to respond to the issues presented.

■ The facts presented by the appellant which remain unchallenged by the appellees raise a question as to the propriety of the trial court's denial of a preliminary injunction. We will therefore consider appellees' failure to support their position as a confession of reversible error and order the cause reversed.

The order of the trial court is hereby reversed and the cause remanded for further proceedings not inconsistent with this opinion.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge PORTER MURRY was called to sit in his stead and participate in the determination of this decision.