691 P.2d 678

The STATE of Arizona, ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,

v.

The Honorable John SEIDEL, Judge of the Maricopa County Superior Court; the Honorable Robert Garcia, Justice of the Peace for South Justice Precinct, Maricopa County, Respondents,

and

Joshua DEASON, Real Party in Interest.

No. 17713–SA.

Supreme Court of Arizona, En Banc.

Nov. 21, 1984.

Thomas E. Collins, Maricopa County Atty. by Lynn Hamilton, Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by Cal Baskerville, Phoenix, for respondents.

FELDMAN, Justice.

The state brings this Petition for Special Action asking us to clarify the prerequisites for admission in evidence of the results of scientific testing of blood alcohol content. The state claims that trial courts throughout the state are following conflicting theories regarding the admission of such evidence in criminal cases, so that immediate resolution of the problem is appropriate and necessary.

## FACTS

On March 28, 1984, Joshua Deason (defendant) was driving his pickup on a dirt road in Laveen, Arizona. He rounded a corner, hit his brakes, and slid to a stop after crashing through the front yard fence of a house. A Deputy County Sheriff arrested him at the scene and charged him with reckless driving and driving under the influence of intoxicating liquor, A.R.S. § 28–692(A).[1] An intoxilyzer test was administered, and Deason's blood was found to contain 0.07% by weight of alcohol.[2] Defendant claims that the accident was not attributable to the influence of alcohol, but that he lost control of his vehicle while

---

1. A.R.S. § 28–692(A) makes it unlawful to drive under the influence. A.R.S. § 28–692(B) makes it unlawful to drive with a blood alcohol level of .10 or more. Defendant was charged under sub-sect. A.

2. According to A.R.S. § 28–692(E), blood alcohol content of .10 or greater is presumptive proof of a violation of A.R.S. § 28–692(A); blood alcohol level of .05 or less raises a presumption that defendant was not under the influence, and a reading between .05 and .10 raises no presumption.

attempting to avoid an animal which had crossed the road.

On May 28, 1984, the prosecutor notified defense counsel that the state would not seek admission of the breath test results. The state also filed a motion in limine to suppress evidence of the intoxilyzer results unless the defendant established that the state had complied with the requirements of A.R.S. § 28–692.03. This statute allows admission of results of such tests when the procedural steps specified by the statute have been met. The justice of the peace denied the motion. The state filed a special action in superior court to challenge the order of the justice of the peace but the trial judge declined to accept jurisdiction. The state then filed a petition for special action in this court, claiming that the denial of the state's motion was an abuse of discretion and that appeal was not an adequate remedy because of the limitations on appeals by the state contained in A.R.S. § 13–4032. We accepted jurisdiction because the issue raised is clearly of statewide concern and because there is no remedy by appeal. Rule 3, Rules of Procedure for Special Actions, 17A A.R.S.; Arizona Const. art. 6 § 5.

The state contends that in *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1984), we held that evidence of breath alcohol tests cannot be admitted unless the proponent shows that all the requirements of A.R.S. § 28–692.03 have been met. Defendant replies that the *Fuenning* decision dealt only with the state's offer of such evidence and did not address the issue of the applicability of A.R.S. § 28–692.03 to breath test results offered by the accused. He further argues that admission of exculpatory evidence is required by the due process clause.

■ The test for admissibility of evidence is not different for different parties. The constitution gives defendant the right to have exculpatory evidence admitted, but does not relieve him of the burden of meeting the evidentiary standards set for all parties. *See State v. Forgan,* 104 Ariz. 497, 498, 455 P.2d 975, 976 (1969). We hold, therefore, that, whether offered by the state or the defendant, evidence of blood alcohol content is admissible upon the same evidentiary standard.

Apparently defendant cannot show that the test was administered by the officers in accordance with A.R.S. § 28–692.03.[3] Therefore, the State argues, the results of the test its officers administered to the defendant cannot be admitted in evidence at all. This argument, assumes, of course, that the evidentiary showing prescribed by the statute is the exclusive method by which evidence of blood alcohol content determined by use of a scientific device or method may be admitted in evidence. We do not agree with this contention.

We note first that Rule 401 of the Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the

---

**3.** It is difficult to understand why the foundational requirements for admission under the statute cannot be met. A.R.S. § 28–692(G) provides that breath test analysis is "valid ... if it is performed according to the methods approved by the Department of Health Services ...." A.R.S. § 28–692(A) conditions admissibility in prosecutions under § 28–692 "upon establishing" certain "foundational requirements." Among these are the requirements that the device used was of a kind approved by DHS, that the operator possessed a permit issued by DHS and that he "complied with procedures existing at the time of the test which were established or approved by the Department of Health Services for the operation of the device used to conduct the test." A.R.S. § 28–692.03(A), parts 1, 2 and 4. Subsection B of the same statute requires the Director of DHS to "promulgate rules pre-scribing methods and procedures for the administration" of the tests. These rules are required to include four specifics to ensure accuracy of results. In *Fuenning* we held that the foundational requirement required a showing of compliance with both the requirements of Subsection A and the procedures promulgated by the Director of DHS. Evidently the state could not establish that the required procedures have been adopted or that they were being followed. The record does not illuminate the reasons that the state was unable to promulgate or follow the standards required by legislation passed at its own behest. The legislature has now attempted to relieve the state of the burden of promulgating standards by amending the statute to condition admissibility on compliance only with Section A. A.R.S. § 28–692.03 (7 Ariz.Leg.Serv. 1001–02 (1984)).

existence of any fact that is of consequence to the determination of the action *more probable or less probable* than it would be without the evidence" (emphasis supplied), and that Rule 402 requires that "all relevant evidence" be admissible "unless excepted by applicable statutes." There is no question in this case that proof of defendant's blood alcohol content is relevant evidence. See A.R.S. § 28–692(E)(2). It is, therefore, admissible under Rule 402, provided that the other evidentiary requirements of the Rules are met and provided, further, that the evidence is not rendered inadmissible because "excepted by applicable statute." We find nothing explicit in the statute or its legislative history which evinces a legislative intent that relevant evidence of blood alcohol content, offered in compliance with the ordinary Rules of Evidence, be excluded on any substantive ground. We refuse to create such an exception by judicial construction. The legislative objectives would appear to require admission of such evidence whenever the evidence would help in accurately establishing a violation or non-violation of the statute. *Fuenning*, 139 Ariz. at 604, 680 P.2d at 135.

We turn, then, to the procedural problem. We have promulgated a set of evidentiary rules which allow admission of evidence by one procedure, while the legislature has adopted a statute (§ 28–692.03) which permits admission by a different procedure. The question before us today is: which shall govern? Is the statutory system exclusive or do the Rules of Evidence also apply?

■■ The constitution of Arizona gives the Supreme Court the power to make rules relative to all procedural matters in any court.[4] Article 6, § 5(5). Pursuant to that authorization, this court promulgated the Rules of Evidence to take effect on September 1, 1977. Rules of evidence have

generally been regarded as procedural in nature. *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 310, 551 P.2d 1354, 1357 (1976); thus, our promulgation of these rules was within the power granted us by the constitution. *See also* 1 Wigmore on Evidence, § 7, 462–63 n. 1 (Tillers rev. 1983). The rules cover admission of "Opinions and Expert Testimony." Rules 701 to 706, Rules of Evidence. Admission of testimony regarding the intoxilyzer test and its results would primarily be governed by Rule 702, which reads as follows:

*Testimony by Experts:*

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

■ Cases construing Rule 702 have held that the proponent of evidence based on scientific, technical or specialized knowledge must make a showing of general acceptance under the rule of *Frye v. United States*, 293 Fed. 1013 (D.C.Cir.1923). *State ex rel. Collins v. Superior Court*, 132 Ariz. 180, 644 P.2d 1266 (1982). Also required is a foundational showing by a qualified expert that the accepted technique was properly used and the results accurately measured and recorded.

A.R.S. § 28–692.03(A) provides for admission of what is essentially scientific or technical opinion evidence without the necessity of "a witness qualified as an expert" as required by Rule 702 and cases construing the rule. The case at bench thus requires us to determine whether the legislature may provide procedures for admission of evidence in a manner other than that prescribed by rules which this court

---

**4.** The federal constitution does not confer such power on the Supreme Court of the United States. Congress has "plenary authority over the promulgation of evidentiary rules for the federal courts." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 31, 96 S.Ct. 2882, 2900, 49

L.Ed.2d 753 (1976). This authority has been delegated to federal courts by 28 U.S.C. 2071 (1948) and 28 U.S.C. 2076 (1975), but the statutes make it clear that any rule promulgated by the courts must be consistent with Acts of Congress.

promulgates pursuant to the power conferred on it by article 6, § 5(5).

■ That we possess the rule-making power does not imply that we will never recognize a statutory rule. We will recognize "statutory arrangements which seem reasonable and workable" and which supplement the rules we have promulgated. *Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973). However, when a conflict arises, or a statutory rule tends to engulf a general rule of admissibility, we must draw the line. The legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in article 6, § 5. *Ammerman v. Hubbard Broadcasting, Inc.*, supra; cf. *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (1978).

■ The question, then, is whether A.R.S. § 28–692.03 is only an alternative method of admitting breath test evidence, or one that flatly contradicts the procedures adopted by the Rules of Evidence. The question with which we dealt in *Fuenning* was whether compliance with the five requirements of § 28–692.03(A) would suffice without also abiding by the requirement contained in Section B that the test method be in accordance with rules promulgated by the Department of Health Services (DHS). We concluded that both Sections A and B of § 28–692.03 must be read *in pari materia. Fuenning*, 139 Ariz. at 602, 680 P.2d at 133. In *Fuenning*, however, we considered only § 28–692.03, not the general Rules of Evidence. The procedures followed by the Rules require expert testimony involving a fairly substantial expense and consumption of time. The state interest in keeping drunk drivers off the roads is evidently so compelling in the legislature's view that it devised an easier way of admitting breath test evidence in prosecutions under A.R.S. § 28–692. In essence, the statute does away with the necessity of expert testimony and permits the court to admit evidence of breath test analysis simply by showing that the test was administered with an approved device, by an operator holding a permit, who followed methods approved by DHS and complied with procedures adopted by DHS. This permits evidentiary admission of the test and its results with no expert testimony at all. The reliability and accuracy of the results is vouched for by demonstrating compliance with the statute and the procedures adopted by DHS. Since the statute permits admission of such evidence without expert witness testimony to establish accuracy and reliability of the results, we held in *Fuenning* that all the requirements of the statute must be scrupulously met so that there will be a uniform, statewide basis of testing to vouch for accuracy and reliability. *Id.* at 602, 680 P.2d at 133.

We did not hold in *Fuenning* that this method is exclusive. We expressly hold to the contrary in the case at bench. The statutory method is a workable, reasonable method provided as an alternative to the method of admission under the Rules of Evidence. Either party may use either method. Defense counsel stated at oral argument that he is ready to meet the usual foundational requirements set by the Rules of Evidence, and we see no reason why he should not be allowed to do so. If the evidence offered by the defense is admissible under the Rules of Evidence, it should be admitted. If it is admissible under the statutory alternative provided in A.R.S. § 28–692.03, it should be admitted. If it is not admissible under either method, it should be rejected. The same rules are applicable to offers of such evidence by the state.

The justice of the peace was correct in denying the state's motion to suppress evidence of the intoxilyzer results. The order of the superior court declining jurisdiction of the state's special action is approved. Relief is denied.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS, J., concur.

CAMERON, J., did not participate in this decision.