860 P.2d 1347

**In re the Matter of ONE (1) ROLEX BRAND MAN'S WATCH, One (1) Fie Brand Shotgun, Serial # AA12694, One (1) Hennings Model J–22 Pistol, Serial # 124056, 7 Rounds of Shotgun Ammunition, Two Hundred Ninety–One Dollars Twenty–Nine Cents ($291.29) United States Currency, Two (2) Cerwin Vega Brand Stereo Speakers, Serial Numbers D–425067 and D–4255051, One**

(1) JVC Brand VCR, Serial # 143S2072, One (1) Sony Brand Color Television With Remote, Serial # 70000977, One (1) Technics Brand AM/FM Receiver, Serial # AG4404B629, One (1) Sony Brand Compact Disc Player, Serial # 865235, One (1) Denon Brand Cassette Deck, Serial # 7351189, One (1) ADC Brand, Serial Equalizer, Serial # 000003, One (1) Sony Brand Portable Compact Disc Player With Headphones, Serial # 56040, One (1) Air Tank With Attached Diving Vest, One (1) Red Nylon Carrying Bag Containing Diving Equipment Including a Mask, Gloves, Boots, Knife, Weight Belt and a Snorkel, One (1) Scuba Air Regulator, One (1) Passport Brand Radar Detector, Serial # 1080994, One (1) Metro Mobile Brand Mobile Phone, Serial # 912563, and a 1980 Pontiac Trans Am Bearing Arizona Plate BRV–598 and V.I.N. Number 2X87TL137013.

STATE of Arizona, Appellant,

v.

John A. HAYWOOD, Claimant–Appellee.

No. 1 CA–CV 91–0254.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 7, 1993.

City of Scottsdale Attorney's Office by Michael Warzynski, Scottsdale, for appellant.

John A. Haywood in pro. per.

OPINION

CLABORNE, Judge.

The State appeals from the superior court's judgment dismissing its *in rem* forfeiture action. Three issues are raised on appeal. First, whether the trial court cor-

rectly excluded hearsay testimony at the probable cause hearing, and second, whether, with the hearsay testimony excluded, the State established probable cause to forfeit certain items. Finally, is the State entitled to attorney's fees pursuant to Ariz. Rev.Stat.Ann. ("A.R.S.") section 13–4314(F) (1989)?

### FACTS AND PROCEDURAL HISTORY

John Alexander Stewart Haywood ("Appellee") was arrested for attempted possession of cocaine. On March 6, 1990, the State filed an *in rem* complaint for forfeiture of Appellee's property, alleging Appellee had used the property in conspiring or attempting to purchase cocaine in violation of A.R.S. sections 13–3408(A)(1) (1989), 13–1001(A) (1989), and 13–1003(A) (1989).

At the hearing to establish probable cause to forfeit, the State's principal witness was Detective John Cocca, an undercover officer of the Scottsdale Police Department assigned to the special narcotics crimes enforcement division. Cocca testified that he had dealings with a person named Randy Mead. Mead had been arrested with a large amount of cocaine and had agreed to cooperate with the police. In November of 1989, Mead told Cocca that one of his customers was someone known as "Alex."

On December 4, 1989, in Cocca's presence, Mead received a message on his telephone pager. Cocca observed the telephone number and wrote it down. Mead returned the call and talked with Alex while Cocca listened on another line. They agreed that Mead would sell Alex an ounce of cocaine, but no meeting time was set up.

On the evening of December 13, 1989, Cocca was with Mead at the parking lot of a restaurant/lounge in Phoenix, when Mead was again paged by Alex. Mead returned the call. Cocca testified that he believed the person on the other end of the line was the same one he had previously overheard talking to Mead.

A transcript of the telephone conversation revealed that the caller wished to purchase an ounce of cocaine and would meet Mead at the named parking lot at 6:30 p.m. in an old "T.A." A few minutes later a second conversation was had in which the transcript revealed that the price would be "six and a half;" the caller would bring $250, but had a day to front the full $400 needed for the deal.

Appellee arrived at the designated parking lot at 6:10 p.m., driving a white Pontiac Trans Am. He parked the car and sat in it. Cocca and Mead returned at 6:25 p.m. Mead approached Appellee and talked to him for about a minute. At this time, Cocca and other officers arrested Appellee for attempting to purchase narcotics.

Cocca searched Appellee and found $291.29 in cash and a receipt from an automatic teller machine, dated December 13, 1989, showing a withdrawal in the amount of $250. Cocca saw a mobile phone in Appellee's car. He dialed the number that had appeared on Mead's pager earlier in the day and the phone in Appellee's car rang.

After Cocca finished his testimony, the State called Appellee to the stand. After preliminary questions, the State asked him if he knew Randy Mead. Appellee tried to invoke the Fifth Amendment rights against self-incrimination, but the court ruled that the answer could not incriminate him and ordered him to answer. Appellee answered that he had known Mead for approximately one year preceding the arrest. The State then asked: "Within that year's time, have you and Randy Mead engaged in the transaction of drugs...." Appellee refused to answer this question invoking his Fifth Amendment right against self-incrimination. Appellee then moved that the court dismiss the complaint under A.R.S. section 13–4311(K) (1989) because the State had failed to establish probable cause of forfeiture of any of the property enumerated in

the complaint. The court granted the motion, stating the State had not proven its case of probable cause. Appellee's forfeiture was dismissed.

The State timely appealed, and now raises three issues on appeal:

1. Did the court err in excluding hearsay testimony?

2. Assuming the court correctly excluded the hearsay, did the State nevertheless establish probable cause to forfeit the car, the mobile phone and the cash?

3. Is the State entitled to attorney's fees pursuant to A.R.S. section 13–4314(F)?

### DISCUSSION

#### I. *Hearsay*

The State contends that the trial court erred in excluding hearsay testimony at the probable cause hearing. A.R.S. section 13–4310(E) (1989), says:

E. In hearings and determinations pursuant to this chapter:

. . . .

2. The court shall receive and consider, in making any determination of probable cause or reasonable cause, all evidence and information that would be permissible in determining probable cause at a preliminary hearing, at a grand jury or by a magistrate pursuant to § 13–3913, together with inferences from the evidence and information.

Appellee objected to the State's attempt to place into evidence hearsay statements of Randy Mead, records of U.S. West Communications, and the Phoenix Police Department. Appellee recognized that the court would consider evidence and information available at preliminary hearings, in grand jury proceedings, and before a magistrate in considering whether to issue a search warrant, but argued there remained

a requirement that any hearsay be shown to be reliable. The trial court sustained the hearsay objection maintaining that the State must comply with Arizona Rules of Criminal Procedure 5.4(c) in presenting hearsay at the forfeiture probable cause hearing. That rule says:

**c. Evidence.** The finding of probable cause shall be based on substantial evidence, which may be hearsay in whole or in part in the following forms:

(1) Written reports of expert witnesses;

(2) Documentary evidence without foundation, provided there is a substantial basis for believing such foundation will be available at trial and the document is otherwise admissible;

(3) The testimony of a witness concerning the declarations of another or others where such evidence is cumulative or there is reasonable ground to believe that the declarants will be personally available for trial.

The State argues that the trial court erred in determining that it must comply with Rule 5.4(c) when presenting hearsay testimony at the probable cause hearing. Its position is that section 13–4310(E)(2) allows the court to adduce *any* hearsay statement, without regard to its reliability. This argument is based on the statute requiring the admission and consideration of evidence that would be permissible in a grand jury proceeding and that hearsay is admissible, without limitation, in grand jury proceedings. The State relies on *Franzi v. Superior Court*, 139 Ariz. 556, 679 P.2d 1043 (1984), where the supreme court stated that "hearsay evidence in a grand jury proceeding is not objectionable." *Franzi*, 139 Ariz. at 565, 679 P.2d at 1052 (citation omitted). Consequently, the State contends that section 13–4310(E)(2) requires the court to admit hearsay without limitation, without regard to any rule testing its reliability. We cannot ascribe such

a meaning to the statute.[1]

The Supreme Court of Arizona has the "exclusive constitutional authority 'to make rules relative to all procedural matters in any court.' Ariz. Const. art. 6, § 5(5)...." *State v. Robinson,* 153 Ariz. 191, 197, 735 P.2d 801, 807 (1987); *Slayton v. Shumway,* 166 Ariz. 87, 89, 800 P.2d 590, 592 (1990). This includes the exclusive power to make evidentiary rules. *Barsema v. Susong,* 156 Ariz. 309, 314, 751 P.2d 969, 974 (1988). Based on this exclusive authority, the hearsay rules were promulgated, and a statutory rule which seems to infringe on the hearsay rules is subject to "exacting scrutiny." *State v. Robinson,* 153 Ariz. at 197, 735 P.2d at 807. If it "conflicts with or 'tends to engulf' the rules of evidence," it is an unconstitutional infringement on the separation of powers in art. 3 of the Arizona Constitution. *Id., quoting State ex rel. Collins v. Seidel,* 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984). "Under our constitution, '[t]he legislature cannot repeal the Rules of Evidence....'" *Id., quoting Seidel,* 142 Ariz. at 591, 691 P.2d at 682.

The hearsay rules represent a peculiarly judicial function—defining what evidence is reliable and establishing judicial processes to test that reliability:

> Unlike the rules affected by the statutes at issue in *Seidel* or *Readenour [v. Marion Power Shovel,* 149 Ariz. 442, 719 P.2d 1058 (1986) ]*,* the hearsay rules are at the core of the judicial function: defining what is reliable evidence and establishing judicial processes to test reliability. Under basic separation of powers principles, these judicial functions are separate and different from legislative powers. As Professor Wigmore long ago explained, "the judicial power involves the application of the law to concrete facts and, therefore, the investigation and establishment of the facts. Any statute which prevents the judicial body

from ascertaining the [true] facts [in the case before it] ... is ineffective." J. Wigmore, *Evidence in Trials at Common Law* § 7, at 213 (3d ed. 1940).

*State v. Robinson,* 153 Ariz. at 197, 735 P.2d at 807.

Thus, if we were to interpret section 13-4310(E)(2) to require the trial court to admit hearsay of whatever character, without regard to its reliability, the statute would be unconstitutional. "Hearsay is admissible only if it falls within a recognized exception." *State v. Robinson,* 153 Ariz. at 196, 801 P.2d at 806. The many exceptions are listed in Rules 803 and 804, Arizona Rules of Evidence 803 and 804. *See also* Ariz.R.Crim.P. 5.4(c) (hearsay admissible at preliminary hearing under certain other circumstances); *State v. Brazil,* 18 Ariz.App. 545, 549, 504 P.2d 76, 80 (1972) (for hearsay to support a search warrant there must be a "substantial basis" for crediting it). Rules 803 and 804 list twenty-seven specific hearsay exceptions. The purpose of these exceptions is to further the truth-finding process by admitting trustworthy hearsay statements that are supported by particularized guarantees of trustworthiness. *Robinson,* 153 Ariz. at 197, 735 P.2d at 807 (citations omitted). "Statutory hearsay exceptions, therefore, are unconstitutional unless they require similar or equivalent 'guarantees of trustworthiness.'" *Id.*

If we adopted the State's argument, then hearsay would be admissible regardless of its character or reliability. The legislature cannot do this. Our supreme court said:

> If [a statute] permits admission of hearsay that lacks the indicia of reliability required by the rules, or, alternatively, prohibits admission of hearsay that meets the rules' reliability standards, then it necessarily contradicts the rules and is therefore an unconstitutional infringement of our rulemaking authority.

Thus, our disposition of this issue does not require us to determine whether the sixth amendment applies.

---

1. Haywood's sole argument on appeal is that allowing unfettered use of hearsay would violate the sixth amendment right of confrontation. We do not base our holding on this assertion.

If the statute is less or more restrictive than the rules, the legislature is attempting to dictate what is or is not reliable evidence, and when cross-examination may be necessary to test reliability. These are judicial determinations, which, under art. 6, § 5(5), are the exclusive province of this court.

*Robinson*, 153 Ariz. at 197–98, 735 P.2d at 807–08.

 If possible, a statute will be construed so that it is constitutional rather than unconstitutional. *Slayton v. Shumway*, 166 Ariz. at 92, 800 P.2d at 595; *State v. Irving*, 165 Ariz. 219, 222, 797 P.2d 1237, 1240 (App.1990). Section 13–4310(E)(2) need not be interpreted to preclude the court from inquiring into the reliability of any hearsay the proponent offers. It allows hearsay at the forfeiture probable cause hearing because hearsay is permissible at a preliminary hearing, and before grand juries and magistrates issuing search warrants. It does not, however, preclude the court from barring hearsay that the proponent does not show to be reliable. Under this interpretation, the statute is consonant with the hearsay rules and maintains its constitutionality. It is that interpretation that we adopt here.

The construction offered by the State would render the statute unconstitutional. We reject it and hold that the proponent of hearsay evidence at a forfeiture probable cause hearing must demonstrate that evidence's reliability.

 In its offer of proof, the State attempted to establish the reliability of the hearsay statements of Randy Mead, arguing: "[A]s to the informant's statement, reliability would have been the nature of the transaction in and of itself. The hearsay statements of the informant would have been borne out by the actual transaction that took place." The trial court did not find this sufficient. We will not disturb the trial court's determination except upon an abuse of discretion. *Cf. State v.*

*Rivera*, 139 Ariz. 409, 410, 678 P.2d 1373, 1374 (1984) (appellate courts will not reverse trial court's ruling under excited utterance exception to hearsay rule absent clear abuse of discretion); *State v. Veres*, 7 Ariz.App. 117, 126, 436 P.2d 629, 638 (1968), *cert. denied*, 393 U.S. 1014, 89 S.Ct. 613, 21 L.Ed.2d 559 (wide discretion rests in trial court in the admission of evidence pursuant to the Business Records Rule). We find no error in the trial court's sustaining Appellee's hearsay objections.

As to the police report, the State merely says in its opening brief that its argument as to the sweeping scope of its interpretation of A.R.S. section 13–4310(E)(2) applies as well. While it asserts that the report could have been admitted under the public records exception of Rule 803(8), it does not develop the argument. In fact, it specifically declines to "dedicate a separate section of its appellate brief" contending that the exhibit was also admissible as an exception to the hearsay rule. Under such circumstances, we need not consider the State's assertion: it is not incumbent upon this Court to develop a party's argument where the party has failed to do so. *Nationwide Resources Corp. v. Massabni*, 134 Ariz. 557, 565, 658 P.2d 210, 218 (App. 1982); *Coggins v. Wright*, 22 Ariz.App. 217, 219, 526 P.2d 741, 743 (1974). In the trial court, the State did not attempt to show any exception for the U.S. West Communications telephone records. On appeal, it does not make any argument that any exception applies to them. The State has failed to demonstrate any error in the trial court's exclusion of its hearsay evidence.

## II. *Probable Cause*

The State argues that, even with the hearsay properly excluded, it still adduced sufficient evidence to establish probable cause to forfeit the Trans Am, the mobile phone, and the $291.29 in cash. The State argues that the determination of probable cause on a state of uncontested facts is a question of law that this Court can review *de novo*, citing *Cullison v. City of Peoria*,

120 Ariz. 165, 168, 584 P.2d 1156, 1159 (1978) ("whether a given state of facts constitutes probable cause is always a question of law to be determined by the court"). Assuming that *Cullison* applies here, for reasons that follow, we find the record does not support the State's tacit contention that we have a "given state of facts" free of any doubtful construction.

Assuming the trial court believed all the evidence before it, there is at least a debatable issue on the question of probable cause. That evidence would show that somebody named "Alex" had arranged to buy an ounce of cocaine from Mead on December 4, 1989, but the deal did not occur. It would also show that "Alex" phoned Mead on December 13, 1989, and arranged to buy some "shit" for a total of $650.00, with a $250.00 up-front payment which he had withdrawn from the bank that day, and that Alex would drive a "T.A." to the meeting place. It would then show that Appellee, John Alexander Stewart Haywood, arrived in a Trans Am and spoke with Mead, after which he was arrested and found to have $291.29 in cash, along with a current receipt showing a $250 withdrawal from an automatic teller machine. It would also show that the number of the mobile phone found in the Trans Am was the same as the number of the "Alex" who paged Mead earlier in the day to set up the meeting.

This state of facts establishes, at the very least, a strong case for the existence of probable cause to forfeit, based on Appellee's apparent intent to use the car, the cash, and the phone to facilitate the purchase of cocaine in violation of the drug statutes.

Appellee's only answer to this state of facts is that the State's investigation proceeded with the assistance of Randy Mead, whom Appellee paints as unreliable. The evidence above, however, does not depend upon any statement of Mead but instead was adduced through the testimony of Detective Cocca and the transcript of the phone conversations. Appellee's response fails to address the strength of the State's argument and could constitute a confession of error. Much the same situation faced Division Two in *Bulova Watch Co. v. Super City Dep't Stores of Arizona, Inc.*, 4 Ariz.App. 553, 422 P.2d 184 (1967). The court there stated:

> As we have previously indicated, appellees' answering brief did not favor this court with a discussion of the merits of the controversy. It is well settled in this jurisdiction that an appellee's failure to *file* an answering brief where there are debatable issues constitutes a confession of reversible error.... We believe the principle is equally applicable when an appellee does in fact file a brief which fails to respond to the issues presented.

*Id.*, 4 Ariz.App. at 556, 422 P.2d at 187.

We cannot, on this record, determine what the facts were as found by the fact finder. As the State concedes, the factual basis must be determined by the trial court sitting as a fact finder. *See Sarwark Motor Sales, Inc. v. Woolridge*, 88 Ariz. 173, 177, 354 P.2d 34, 36 (1960). The trial court sitting without a jury is the judge of the credibility of witnesses, the weight of the evidence and the reasonable inference to be drawn from the evidence and its judgment will be upheld where there is reasonable evidence to support it. *Todaro v. Gardner*, 72 Ariz. 87, 91, 231 P.2d 435, 437 (1951); *Rogers v. Greer*, 70 Ariz. 264, 270, 219 P.2d 760, 763 (1950); *Reynolds v. United Producers & Consumers Coop.*, 17 Ariz.App. 145, 147, 495 P.2d 1352, 1354 (1972). Informing on the determination of credibility of the witness is the fact that the trial court viewed the witness firsthand, something this Court cannot do. *See State v. Christopher*, 10 Ariz.App. 169, 172, 457 P.2d 356, 359 (1969). The trial court did not state whether its finding of no probable cause was based on its belief that the facts testified to by Cocca, although true, did not amount to probable cause or whether the court simply did not believe the detective in all particulars.

It has been held that the trier of fact is bound to believe the uncontradicted and unimpeached testimony of a totally disinterested witness "where nothing casts suspicion on it." *O'Donnell v. Maves*, 103 Ariz. 28, 32, 436 P.2d 577, 581 (1968); *Ft. Mohave Farms, Inc. v. Dunlap*, 96 Ariz. 193, 198, 393 P.2d 662, 665 (1964); *State v. Roberts*, 138 Ariz. 230, 232–33, 673 P.2d 974, 976–77 (App.1983); *Fleitz v. Van Westrienen*, 114 Ariz. 246, 251, 560 P.2d 430, 435 (App.1977). Here the record contains a possible overstatement by the detective. He testified: "The unidentified caller wished to purchase approximately one ounce of cocaine from Mr. Mead." Detective Cocca was the witness who verified the accuracy of the transcript of that conversation. This transcript does not necessarily support such a bald statement. "Alex" planned to buy some "shit" for $650, but there was no specification of what the "shit" was or its quantity.

 Thus, the trial court could have found something that casts suspicion on the police officers' statements and used that determination to find a lack of probable cause. On the present state of the record, we simply cannot determine what the court found to be the true state of facts. When neither party has requested findings of fact nor conclusions of law, we must sustain the judgment on any legal theory for which we can find support in the record. *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz. 139, 141–42, 650 P.2d 441, 443–44 (1982). Consequently, the State has failed in its burden of establishing on appeal that the trial court committed reversible error.[2] In the exercise of our discretion, we refuse to grant costs or attorney's fees to either party.

The judgment is affirmed.

TOCI, P.J., and GRANT, J., concur.

---

**2.** Because of our disposition of this appeal, it is not necessary to address the State's contention that it is entitled to attorney's fees pursuant to A.R.S. section 13–4314(F).