NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LORI SIGNS, a single woman; HUBERT C. MURDOCK and SHIRLEY W.
MURDOCK, Trustees of the HUBERT C. MURDOCK and SHIRLEY W.
MURDOCK TRUST DATED MAY 5, 1979; and THOMAS M. HOWELL
and LEA RAE HOWELL, as Trustees of the THOMAS M. HOWELL and
LEA RAE HOWELL TRUST DATED OCTOBER 9, 1974,
*Plaintiffs/Appellants*,

*v.*

CHRISTOPHER GEORGE MERZIOTIS and JANE DOE MERZIOTIS,
husband and wife; CHRISTOPHER GEORGE MERZIOTIS, as Trustee of
the CHRISTOPHER GEORGE MERZIOTIS TRUST DATED MARCH 29,
2001, *Defendants/Appellees*.

No. 1 CA-CV 14-0064
FILED 2-24-2015

Appeal from the Superior Court in Yuma County
No. S1400CV201000773
The Honorable John Neff Nelson, Presiding Judge

**APPEAL DISMISSED**

COUNSEL

Law Offices of Larry W. Suciu, PLC, Yuma
By Barry L. Olsen
*Counsel for Plaintiffs/Appellants*

Donald B. Engler, PC, Yuma
By Donald B. Engler
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Maurice Portley joined.

---

**J O N E S**, Judge:

**¶1** The appellants (Signs) appeal from a preliminary injunction entered in favor of the appellees (Merziotis). Because we conclude that this Court lacks jurisdiction over the substantive issues raised by Signs, the appeal is dismissed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** In June 2010, Signs filed a complaint for trespass, declaratory relief, and conversion against Merziotis, alleging he exceeded the scope of acknowledged easements across her property and destroyed her vegetation. Merziotis counterclaimed for trespass, breach of contract, quiet title, declaratory action and ejectment, asserting he possessed an implied easement, in addition to other express easements, and Signs was obstructing his use and enjoyment of those easements. Each party requested preliminary injunctive relief.

**¶3** In December 2011, following an extensive evidentiary hearing, the trial court entered a preliminary injunction in favor of Merziotis, granting him immediate full use of his claimed implied easement and the other express easements. Nearly two years later, in August 2013, and without any further presentation of evidence, the court entered an order directing Merziotis to prepare a "final judgment" "mirroring" the findings and orders of the December 2011 preliminary injunction "with Rule 54(b) language." The court entered the second "Judgment for Injunctive Relief" on November 22, 2013. The November 2013 order begins

---

[1] On appeal from an order granting a preliminary injunction, we view the facts in the light most favorable to sustaining the order. *Lane v. Bisceglia,* 15 Ariz. App. 269, 270, 488 P.2d 474, 475 (1971).

2

by stating "[t]he following Findings and Orders only address the preliminary injunction relief sought by the parties," specifically identifies "a number of issues yet to be resolved" and generally addresses the issue of preliminary injunctive relief as if granting the request for the first time. It was otherwise virtually identical to that entered in December 2011, except that it directed final judgment be entered pursuant to Arizona Rule of Civil Procedure 54(b), explicitly stated findings that were previously incorporated in the December 2011 order by reference, and stated these findings would not be relitigated. Signs filed a notice of appeal on December 20, 2013.

## DISCUSSION

¶4        Signs seeks review of the November 2013 order. Merziotis argues any challenge to the preliminary injunction should have been brought within thirty days of the December 2011 order, and therefore, we lack jurisdiction to review its issuance. In response, Signs contends the December 2011 order addressed only a portion of her claims and was not a "final" appealable order until amended to include the certification set forth in Rule 54(b).

¶5        Because the right to appeal a civil matter is statutory, an appeal can be brought only in compliance with the applicable statutory provisions. *Ariz. Dep't of Econ. Sec. v. Don*, 165 Ariz. 407, 408, 799 P.2d 27, 28 (App. 1990) (citations omitted). Where an appeal is authorized, an appellant must file a notice of appeal within thirty days of entry of the appealable order. ARCAP 9(a); *Dowling v. Stapley*, 221 Ariz. 251, 264, ¶ 39, 211 P.3d 1235, 1248 (App. 2009). Absent the timely filing of a notice of appeal, this Court lacks jurisdiction to consider an appeal. *State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 223 Ariz. 486, 487, ¶ 3, 224 P.3d 983, 984 (App. 2010) (citing *Wilkinson v. Fabry*, 177 Ariz. 506, 507, 869 P.2d 182, 183 (App. 1992)).

¶6        Generally, an appeal is brought from a final judgment, which disposes of the matter leaving nothing remaining for judicial determination. *See, e.g.*, *Flores v. Martinez*, 231 Ariz. 18, 20, ¶ 7, 289 P.3d 946, 948 (App. 2012) (citing *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991), and Ariz. Rev. Stat. (A.R.S.) § 12-2101(A)(1)[2]). An exception to this general rule exists for an order "[g]ranting or dissolving an injunction, or refusing to grant or dissolve an injunction,"

---

[2]        Absent material revisions from the relevant date, we cite a statute's current version.

A.R.S. § 12-2101(A)(5)(b), which may be appealed "at any stage of the case in which application for the judgment is made." *Bulova Watch Co. v. Super City Dep't Stores of Ariz., Inc.*, 4 Ariz. App. 553, 555, 422 P.2d 184, 186 (1967) (citing *Bank of Ariz. v. Superior Court of Yavapai Cnty.*, 30 Ariz. 72, 81, 245 P. 366, 369 (1926), and *Davies v. Johnson*, 22 Ariz. 63, 64, 193 P. 1019, 1019 (1920)). Because this type of non-final, interlocutory order is specifically made appealable by statute, it is appealable without the need for any express directive by the court pursuant to Rule 54(b). *Id.* (citations omitted). Thus, the December 2011 order originally granting the preliminary injunction in favor of Merziotis was appealable pursuant to A.R.S. § 12-2101(A)(5)(b).

¶7        The question then becomes whether the November 2013 order containing Rule 54(b) language was also appealable as a final judgment pursuant to A.R.S. § 12-2101(A)(1). We conclude that it was not.

¶8        The filing of a subsequent "substantively identical judgment . . . neither revive[s] the former time for appeal nor initate[s] a new period within which to appeal." *Fields v. Oates*, 230 Ariz. 411, 416, ¶ 21, 286 P.3d 160, 165 (App. 2012). Here, the substance of the November 2013 order was identical to that of the original order. It did not alter the contents of the original order in any significant way, and the trial court did not vacate the first order prior to entering the second. It was therefore neither a new nor amended judgment. *See Baker v. Emmerson*, 153 Ariz. 4, 8, 734 P.2d 101, 105 (App. 1986) (explaining party may appeal from an amended judgment that substantially alters the original judgment).

¶9        The record suggests the parties and court mistakenly believed Rule 54(b) language was necessary to make the preliminary injunction appealable. However, a plain reading of the relevant statute illustrates that orders regarding injunctive relief are appealable under a separate subsection than final judgments. *See* A.R.S. § 12-2101(A)(1), (5)(b); *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991) (noting clear and unequivocal language of statute is "determinative of the statute's construction"). Moreover, a mistake of law does not toll the time period to file a notice of appeal. *See generally* ARCAP 9(a)-(b); *see also Farmers Ins. Co. v. Vagnozzi*, 132 Ariz. 219, 221, 644 P.2d 1305, 1307 (1982) (interpreting narrowly the specific actions set forth in ARCAP 9(b) that may extend the time to file an appeal) (citing *Desmond v. J. W. Hancock Enters., Inc.*, 123 Ariz. 474, 476, 600 P.2d 1106, 1108 (1979), and *Hegel v. O'Malley Ins. Co., Agents & Brokers*, 117 Ariz. 411, 412, 573 P.2d 485, 486 (1977)).

¶10        We conclude that if Signs wished to challenge the grant of the preliminary injunction, she was required to file a notice of appeal within thirty days of the December 1, 2011 order.  She did not do so, and this Court lacks jurisdiction over her appeal of the subsequent November 2013 order.

## CONCLUSION

¶11        For the reasons stated above, we dismiss Signs' appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama